### DARIUS STEVENS & others *vs.* IRA HAY & others.

A bond, given to the selectmen of a town and their successors in office, for the faithful performance, by the principal obligor, of the duties of treasurer and collector of the town, is not a bond required by law, and no action can be maintained thereon in the name of the successors of the obligees.

THIS was an action of debt on a bond given by Ira Hay as principal, and the other defendants as sureties, to Benjamin F. Richardson and two others, (the selectmen of the town of Stoneham, at the time when the bond was executed,) and their successors in office, for the faithful performance of the duties of collector and treasurer of the town, by the principal obligor.

The action was not commenced in the name of the persons named as obligees in the bond, but in the name of the present

plaintiffs, who were the legally chosen selectmen of the town of Stoneham, at the time of the commencement of this ac-tion.

The presiding judge, *Metcalf*, J., before whom the case was tried, ruled that the action could not be sustained in favor of the present plaintiffs.

If the court should be of opinion that this ruling was cor-rect, then the plaintiffs are to become nonsuit, otherwise the action to stand for trial.

*J. G. Abbott* and *A. V. Lynde*, for the plaintiffs.

*E. Buttrick*, for the defendants.

The opinion of the court (*Fletcher*, J. not sitting in the case,) was delivered at the October term, 1851.

METCALF, J.   By the common law, a suit on a bond pay-able to one and his successors or assigns, can be maintained only by the obligee, during his life, and by his executor or ad-ministrator after his death.   There is an exception to this rule in the case of those sole corporations that are trustees for the benefit of others, and not for their own benefit only.   1 Kyd on Corporations, 77.   And when a statute directs that a bond shall be given to a certain officer, or to him and his successors, the bond may be put in suit by his successors.   3 Dane Ab. 166 – 168; *Treasurers* v. *Bates*, 2 Bailey, 378; *Jansen* v. *Ostrander*, 1 Cow. 670; *Kinney* v. *Etheridge*, 3 Iredell, 360; *Polk* v. *Plummer*, 2 Humph. 500; *Pickering* v. *Pearson*, 6 N. Hamp. 559; *Overseers of the Poor of Boston* v. *Sears*, 22 Pick. 126.   And ever since our *St.* of 1783, *c.* 36, § 8, directed that administration bonds should be given to the judge of probate, and made payable to him, his successors in office, or assigns, suits on all probate bonds have uniformly been brought in the name of the judge who was in office when the suits were commenced; 3 Dane Ab. 165; and the resignation of a judge, pending a suit brought in his name, has been held to operate as a discontinuance, unless his successor comes in and prosecutes.   *Cutts* v. *Parsons*, 2 Mass. 440.

The plaintiffs' counsel admit that this action cannot be maintained, unless it is authorized by statute.   And they rely on the Rev. Sts. *c.* 100, § 25, which provide that " when a

bond, note, or other security or contract, is made to or with the treasurer of the commonwealth, or of any county, city, town, or parish, or other corporation, or to or with any other public officer, an action thereon may be commenced and prosecuted by any successor to such office." This provision, so far as it respects treasurers, is a reënactment of *St.* 1797, *c.* 14. As it respects other public officers, it is new. It is also indefinite. It doubtless includes judges of probate, and confirms the previously existing practice of bringing and prosecuting actions on probate bonds in the name of the successor of the original obligee. But whatever officers may be included in this provision, we are of opinion that the bonds and other contracts, on which their successors may bring and prosecute actions, must be, as they undoubtedly must be in the case of treasurers, bonds and contracts which are made to them in their official capacity, and which the law either requires or authorizes to be made to them in that capacity. Upon any other construction, the private notes held by the treasurer of a corporation, or by the sheriff of a county, might all be sued in the name of his successor.

We know of no law that requires or authorizes a bond to be given to selectmen, by a town-treasurer or collector of taxes. The Rev. Sts. *c.* 15, § 58, direct that a town treasurer shall "give bond, in such sum as the selectmen shall require." Though the party, to whom the bond is to be given, is not designated, yet we have no doubt that it should be given to the town, whose officer he is. By § 80, collectors of taxes are required to "give bond to the town." And the bond now in suit was given for the faithful performance, by the principal obligor, of the duties of treasurer and collector; he having been chosen to both offices, or chosen treasurer, and, as such, appointed collector, according to § 60 of the same chapter. As the bond was given to the selectmen of the year 1848, we are of opinion that a suit upon it cannot be maintained by their successors.

The construction which we give to the statute provision in question is supported by adjudged cases. In *White* v. *Quarles,* 14 Mass. 451, it was held that a bond, given to a judge of

probate and his successors, which is not a probate bond, can-not be sued in the name of his successor. So in Maine, where one statute authorizes a suit, on bonds given to a town trea-surer, to be brought by his successor, and another statute re-quires a collector to give bond to the town, it was decided that a collector's bond, given to the town treasurer and his successors, could not be sued in the name of his successor. *Lord* v. *Lancey,* 8 Shepley, 468. The court there said that the bond was erroneously made to the treasurer; that his suc-cessor was not a party to it and had no interest in it; that he could not prosecute it, as a trustee for others, because he was not, either by implication or by the provision of any statute, appointed such trustee; and that a successor in office could maintain a suit on a bond made to his predecessor, only in cases authorized by statute. And in *Overseers, &c.* v. *Sears,* before cited, Shaw, C. J., said, that public officers could main-tain actions, as successors, " only when expressly provided by statute." The same point has been repeatedly adjudged in other states. In North Carolina, where a statute directed that a sheriff's bond should be given, in the penal sum of $2000, to the governor and his successors, it was held that a bond, given in a different penal sum, could not be sued in the name of the governor's successor. *Governor* v. *Twitty,* 1 Dev. 153. In Tennessee, a bond given by a clerk of a court to the go-vernor and his successors in office, which was not a statutory bond, was put in suit by the successor of the obligee; but it was decided that the suit could not be maintained. *Jones* v. *Wiley,* 4 Humph. 146. In Alabama, where a statute required a collector's bond to be made payable to the governor and his successors, and it was made payable to the judge of the county court, or his successors, it was decided that the judge's successor could not maintain an action on it. *Calhoun* v. *Lunsford,* 4 Porter, 345. See also *Hibbits* v. *Canada,* 10 Yerg. 465, and *Stuart* v. *Lee,* 3 Call, (2d ed.) 364. In several of these cases, it was said by the court, that the bonds were good at common law, though not conformed to the statute which directed or authorized them to be taken. And in *Horn* v. *Whittier,* 6 N. Hamp. 88, it was adjudged, that a collector's

bond, which a statute required to be given to the town, was valid, though given to the selectmen and their successors; and that the selectmen to whom it was given might maintain an action upon it. We express no opinion, however, on this question.

In the case of *Tyler* v. *Hand*, 7 Howard, 573, it was decided, on demurrer to the declaration, that bonds given to president Van Buren and his successors in office, for the use of the orphan children provided for by the treaty of September, 1830, with the Choctaw Indians, might be sued in the name of Mr. Tyler, his successor. The general doctrine was not at all discussed in that case. The court said that the political official character of the president was recognized in the bonds and averred in the declaration, and that it could not be objected, by demurrer, that they were taken without authority. That case, therefore, is not an authority for the maintenance of the present action, which cannot be distinguished from the cases already cited. *Plaintiffs nonsuit.*