JOHN GOTLOFF, Appellant, *v.* JAMES HENRY et al., Appellees.

APPEAL FROM COOK.

In replevin, when there are several pleas, and the jury find the right of property in one of the defendants, the verdict, though not technically formal, is sufficient, and the fact that return of the property is ordered to both defendants instead of the one in whom the right of property is found, cannot be taken advantage of by the plaintiff.

To lay the foundation for the introduction of evidence of former declarations of witnesses, to impeach their testimony, it is not necessary to point out to them every possible circumstance of identity, but it is sufficient if the particular declarations are so pointed out, as will direct the mind of the witness of ordinary apprehension to them, if they were ever made by him.

THIS cause was tried at the May term, 1852, of the Cook Circuit Court, DICKEY, Judge, and judgment rendered for the defendants below, and the plaintiff below appealed. The case is sufficiently stated in the opinion of the court.

CATON, J.   The first error assigned upon this record relates to the sufficiency of the verdict to warrant the judgment which was rendered thereon. The action was replevin, charging the defendants with taking and detaining one span of ponies, the property of the plaintiff. Six pleas were filed: 1. *Non cepit.* 2. Property in the defendants.   3. Property in Henry.   4. Property in Wood.   5. Property in Wood, as bailee of Henry; and 6, property in John Doe.   The jury returned the following verdict: " We, the jury, find the right of the property replevied in the said defendant, James Henry." The objection is, that the verdict is not a finding upon all of the issues submitted to the jury, but only that presented by the third plea.   The verdict, perhaps, might have been more formal, but it finds substantially that the property was not the property of the plaintiff, but was the property of Henry.   The material part of all of those special pleas was, that the property was not the property of the plaintiff.   The allegation of property in the defendant or a third person is mere *inducement,* while the material traverse is, that of the plaintiff's right to the property, and the plaintiff must take issue upon this traverse of the plaintiff's right and not upon the inducement.   This court said, in the case of Anderson *v.* Talcott, 1 Gilman, 371: " On such an issue the substantial matter in dispute is the right of the plaintiff to the property."   The substantial part of all these issues was the same which this verdict found against the plaintiff, by finding

Gotloff *v.* Henry et al.

that the property belonged to the defendant Henry, and not to the plaintiff. This finding showed that the plaintiff was not entitled to the property, and that he had no right to retain it. He had commenced his suit improvidently and was liable to restore the property whence he had replevied it. It is no just ground of complaint on his part, that a return of the property was ordered to both defendants, instead of to Henry alone, to whom it was found to belong. Henry alone could complain of that.

The other exceptions relate to the evidence. There was evidence tending to show that Henry had authorized Morrison to sell the ponies for one hundred and fifty dollars, and that he had sold them for fifty dollars in money and a gold watch, and the plaintiff offered to prove that there was a custom at Michigan city in the horse trade, to sell horses for cash or part barter and part cash. This testimony the court rejected, and very properly. The authority to sell was only for money. No custom can, in our language, make one hundred and fifty dollars mean fifty dollars and a gold watch, or any other article of property. The instructions or authority to sell left nothing to be inferred or supplied by intendment as to the kind of pay to be received for the ponies. We have had occasion during the present term in the case of Dixon *v.* Dunham, to examine the law relating to the admissibility of a custom or usage of trade to control or explain a contract, and it is quite unnecessary again to discuss the question here. The same rule would apply to instructions given as in this case. Those instructions were of themselves definite and specific, and there was no room for explanation by a custom or usage of the horse trade, either in Michigan city or Logansport, where the instructions were given.

It is also objected, that one of the witnesses was allowed to state that Bosweth had told him that he had sent Morrison on the journey with the ponies instead of going himself. This was an incidental and immaterial fact which had previously been stated both by Bosweth and Morrison, and it could not, by the remotest possibility, have prejudiced the plaintiff's case to allow it to be proved that Bosweth had stated the same fact when not under oath, that he had sworn to in his deposition. That statement was to a fact not questioned or in any way in controversy. It was admitted on all hands that Morrison had gone with the ponies, and with authority to sell them; and whether the main object of the journey was to attend to the business of Bosweth or not, was totally immaterial. The question was, Whether he had sold the ponies in violation of his instructions?

Several exceptions were taken to the admission of testimony, tending to contradict some of the plaintiff's witnesses, on the ground that a proper foundation had not been laid by first interrogating them as to those statements. To go through minutely with each of these exceptions would swell this opinion to an unnecessary length. We have gone through with this very voluminous record, and have carefully examined them all, and are clearly satisfied that in every instance the witnesses had been inquired of whether they had made such statements as they were proved to have made, and that in such inquiries, time, place, and circumstances were sufficiently pointed out to direct their attention to the particular conversations alluded to, and which were sworn to by the subsequent witnesses. When conversations or declarations are thus pointed out, it is sufficient to lay the foundation for the proposed contradiction. The object of the preliminary examination is to direct the attention of the witness to the particular declarations supposed to be inconsistent with his testimony, in order to give him an opportunity of explaining it, if he will. For this purpose it is not necessary to point to every possible circumstance of identity, but it is sufficient, if the particular declarations are so pointed out, as will direct the mind of a witness of ordinary apprehension to them, if they were ever made. We think the court did right in admitting this evidence.

Nor do we think this judgment should be reversed, because testimony was admitted tending to show that Morrison was irresponsible.

The judgment must be affirmed.

*Judgment affirmed.*