## DAVID A. STANLEY *vs.* ALONZO F. NEALE.

Goods attached in C.'s possession on a writ by A. against B. for their price, were replevied by C. from the officer. At the trial of the action of replevin it was found that they were obtained by B. from A. by fraud known to C. to whom B. then transferred possession of them, and the property in them had never passed from A., and the officer was A.'s agent. *Held*, that no exception lay to the judge's order for their return to the officer, although before such order A.'s action against B. was discontinued.

REPLEVIN of seventeen barrels of whiskey. At the trial in the superior court, before *Lord*, J., without a jury, it appeared that one Smith and one Willis, partners under the firm of Smith & Willis, went to New York, and there, by fraud .of which this plaintiff was cognizant, procured the replevied goods from one Selden, and transferred them to the plaintiff; that afterwards, on a writ by Selden against Smith & Willis for the price of the goods, the defendant, a deputy sheriff for Suffolk, attached them as property of that firm, pending which this plaintiff replevied them ; and that before the trial of the present action the other was discontinued. The judge found that the property in the goods never passed out of Selden, and that this defendant was Selden's agent, and ordered a return of the goods ; to which order the plaintiff alleged exceptions, which the judge allowed "so far as competent for him to do so."

*P. Ayer*, for the plaintiff.

*R. D. Smith*, for the defendant.

CHAPMAN, J. The plaintiff excepts to no finding or decision of the judge except his order for a return. But it had been found that the plaintiff had no title to the property replevied; that the title was in Selden, and that the defendant Neale was his agent. Upon the finding of these facts, the order was correct. For a plaintiff in replevin must maintain his case on the strength of his own title, and, if he fails, the possession ought, as a general rule, to be restored to the defendant. *Johnson* v. *Neale*, 6 Allen, 229. This case does not furnish an exception to the rule, but comes clearly within it.

*Exceptions overruled.*