## THOMAS WEAVER

*v.*

## JOHN CROCKER.

49  461
68a 420

1. ERROR—*granting a new trial—cannot be assigned for error.* The rule is well settled, that an appellate court will never review the decision of the circuit court in granting a new trial. Whenever a new trial is granted, this court will not disturb it.

2. EVIDENCE—*written instruments—when contents of may be shown by parol evidence.* Where, upon a settlement made between parties, a paper was produced by one of them, purporting to contain a statement of the amounts of the accounts and the calculations in such settlement, and was shown to a third party then present, with the request that he should inspect it and see if the calculations had been properly made, which he did : *Held,* in a suit between the parties to such settlement, wherein an item contained in such paper was in dispute, that the party to whom such paper was shown might be permitted to testify as to his memory concerning the calculations of the amounts contained therein, without the production of such instrument ; that it does not come within the rule in regard to proving the contents of written instruments.

3. NEW TRIAL—*finding against the evidence.* Where a cause is tried before the court, without a jury, and the evidence is conflicting, this court will not disturb the finding.

APPEAL from the Circuit Court of Macon county; the Hon. ARTHUR J. GALLAGHER, Judge, presiding.

This was an action of assumpsit, brought in the court below, by the appellant, Thomas Weaver, against the appellee, John Crocker, and which resulted in a verdict and judgment for the plaintiff for $462, to reverse which judgment the record is brought to this court by appeal. The facts in the case are fully stated in the opinion.

Messrs. MALONE & IRWIN, for the appellant.

Messrs. NELSON & ROBY, Mr. H. CREA and Messrs. GREENE & LITTLER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that one Michael Weaver bought a half section of land from one Powers. By some arrangement $1,080 of the purchase money was to be paid to appellee, and a mortgage was given on the land to secure the payment of that sum. Weaver also executed a mortgage to Powers on the premises thus sold, to secure the payment of the balance of the purchase money to him. In 1868, Michael Weaver sold one-half of the land to appellant. By the terms of that sale appellant was to pay one-half of each of these mortgages, and of this there seems to be no dispute. It is contended that he was also to pay $640 for the choice of the two quarters.

Afterwards, the Powers mortgage was foreclosed, and appellee, being the junior mortgagee, redeemed from the sale. Michael Weaver afterwards, in 1864, sold his quarter to one Lone for $4,500, and appellee sold appellant's tract for $7,200, of which amount he received $2,200.

It seems that the contest in this case is over the $640 which appellant agreed to pay towards the purchase more than one-half, in consideration of his getting the choice of the quarters of land. The claim is based on an agreement that is claimed to have been made when Long paid for the tract he purchased of Weaver. Appellee swears that it was then agreed between himself, Michael Weaver and appellant, that appellant was to retain of that money, one-half of the money due him on his mortgage, with interest, and one-half he had paid to purchase the certificate of sale to Powers under his foreclosure, less the sum of $640, and was to retain what Michael Weaver owed him on the other account; that it was also agreed that the remaining one-half and the $640 should be paid to appellee by appellant; that this agreement was carried out, and he and

they settled on that basis. He also testifies, that in 1867, after Michael Weaver's death, he talked with appellant about this arrangement, and that he then said it was right; that in the spring of 1866, he, at the request of appellant, made a statement and sent it to the uncle of appellant, in Indiana, and the matter of the $640 was then spoken of by them.

Appellee's testimony is corroborated in its main features by the evidence of his son. But it is denied by appellant, who swears that he gave his note to his brother for $640 for the choice of the lands, and that he afterwards paid it in full. He swears that he never agreed to pay that sum to appellee, or ever recognized his claim to it, and swears he was not present at the time appellee says the agreement was entered into by the parties.

This seems to be the evidence relating to this transaction. There was, however, evidence of other transactions between the parties to the suit, in reference to grain furnished by appellee to appellant. On the evidence, the circuit judge, who tried the case without the intervention of a jury, by consent of the parties, found the issues for appellant, and assessed his damages at the sum of $462, and rendered judgment in his favor for that amount.

It is first insisted, for a reversal of the judgment, that the court below erred in granting a new trial at a former term of the court, and the affidavit upon which it was granted did not disclose sufficient grounds to warrant it. It is a well and long settled rule that an appellate court will never review the decision of the circuit court in granting a new trial. That is a matter resting altogether in the discretion of the court trying the cause, and when the new trial is granted this court will not interfere to disturb it. Under an act of our legislature, the common law has been changed so as to enable a party to assign error for refusing to grant a new trial, but the statutn does not embrace the granting a new trial.

It is again urged that the court below erred in permitting the son of appellee to testify to the result of a settlement he says was made between his father and appellant. He swears that at that time appellant showed him a paper containing a statement of the amounts of the accounts and calculations in the settlement by the parties, and requested him to look over it and see if the calculations were properly made ; that in this statement was the item of $640 in dispute, and that interest was computed at ten per cent., and that appellant said the statement and rate of interest were correct. A mere memorandum containing a quantity of figures and calculations is not a contract, agreement or writing which can only be proved by its production. It does not fall within the reason or rule of law requiring the production of documentary evidence. It was only a mere calculation of amounts, and as to them any witness might testify if he had seen and remembered them. This is the rule which is announced in the case of *The First National Bank of Decatur* v. *Priest,* decided at the present term. There was no error in permitting the witness to testify.

It seems, however, that the court below gave credit to the evidence of appellee, and was satisfied that appellee had not retained the $640. This was a conflict of evidence, and the court below, who saw the witnesses and heard them testify, had superior means to ourselves in determining what weight should be given to their evidence. In such cases we are not inclined to disturb the conclusion at which the circuit judge has arrived.

But appellee admitted, while testifying, that he had paid appellant all but $416 that he owed him ; and it seems that the court below allowed appellant to recover that sum with interest, which is the amount of the judgment rendered in the case. And so far as the evidence discloses there was no error in computing the amount, of which appellant can complain.

If there was any error, it consisted.in allowing more interest than was due, and if so, that did not prejudice appellant.

We perceive no error in this record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*