# Charles W. Constantine

*v.*

# Aaron H. Foster.

1. Evidence—*in replevin.* The averment in a plea in a replevin suit, of property in the defendant, being but inducement to a traverse of the averment in the declaration of property in the plaintiff, and such plea having put plaintiff to the proof of property in himself, any evidence which tends to show the plaintiff is not the owner is legitimate, and it is error to reject it on the trial of the issue.

2. Same—*pleadings.* The 14th section of the Practice Act (R. S. 1845) does not change the rules of pleading in the action of replevin, so as to require a plea of property in a stranger, before such proof can be made, where the ownership of the plaintiff is traversed.

3. Pleadings—*traverse of plaintiff's title.* When the averment in the declaration, of ownership by the plaintiff is traversed, he is put on proof of title against the world, and he must prove title to recover; in a plea of property in the defendant, or a stranger, traversing plaintiff's ownership, the only issuable fact in the plea is the plaintiff's ownership, and he must recover on his title, and the burden of the proof is on him.

4. Evidence—*under such a plea.* Under such an issue it is error to prevent the defendant from proving property in a third person. It is pertinent to the issue, and tends to prove the plaintiff was not the owner, and even under the plea of *non detinet*, it is competent for the defendant to prove that the plaintiff is not entitled to possession of the property.

5. Motions for new trial—*when grantable.* When a trial was had at one term of court, and a motion was entered for a new trial, and the motion was continued until the next term, when the motion was withdrawn, and the other party entered a similar motion, and a new trial was granted:

*Held*, it was not error, as the record was still before the court, and the granting of a new trial is a matter of discretion.

6.   In such a case, the 24th section of the Practice Act has no application, as it applies to setting aside verdicts and judgments for irregularities, and requires that to be done at the term of court at which the judgment or verdict was rendered; but the same section provides that new trials may be granted before final judgment.

APPEAL from the Superior Court of Chicago; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was an action of replevin, brought by Aaron H. Foster, in the Superior Court of Chicago, against Charles W. Constantine, to recover the furniture and lease of the Pacific House, in Chicago.   The facts involved appear in the opinion of the court.

Messrs. HIGGINS, SWETT & QUIGG, for the appellant.

Messrs. SWAIN & WELLS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Under the issues formed in this case, we are of opinion that it was error in the court to refuse to permit the evidence tendered by the appellant, to go to the jury, to prove that at the time the property in question was sold to the appellant the appellee did not own it, and had no right to its possession, and that he had no title whatever to it, but that the absolute ownership was then, and had ever since been, in E. R. Benedict.

The appellee, in his declaration, averred that the appellant " took the goods and chattels of him, the plaintiff," to which the appellant filed two pleas:  First, *non detinet*, upon which issue was joined.

The appellant's second plea is, in effect, a special or formal traverse, averring, by way of inducement, property in himself, and traversing, under the *absque hoc*, the appellee's allegation

of ownership in the property. The appellee's replication to this plea traverses the appellant's allegation of property in himself, and re-affirms the original allegation of ownership as alleged in the declaration.

The effect of the second plea was simply to put in issue the appellee's title to the property, and his right of possession. It seems to have been uniformly held that the allegation of property in the defendant, is merely inducement to the formal traverse of the right of property in the plaintiff, and performs no other office. It is not even traversable. The question raised by the plea is not whether the property is in the defendant, but whether the right of property and the right of possession are in the plaintiff. It puts in issue the plaintiff's title to the property, and any evidence that tends to disprove that right is legitimate and proper.

It is insisted on the part of the appellee, that inasmuch as the statute has provided (R. S. § 14, p. 415,) that "the defendant may plead as many matters of fact, in several pleas, as he may deem necessary for his defense," if the defendant wishes to offer evidence that the title to the property is in a stranger or a third party, he must plead the name of such third party, or the plaintiff would be surprised on the trial, and would be unprepared to meet the evidence. We do not so understand the rule. The traverse of the plaintiff's title to the property puts him on proof that he owns the property as against all the world, and he is expected to be prepared to maintain that issue. The authorities go to the extent of holding, that if the plaintiff traverses the defendant's allegation of property in himself, or a stranger, such traverse is immaterial and forms no part of the real issue to be tried. Under the plea of property in a defendant or a stranger, in an action of replevin, with a denial of the right of property in the plaintiff, the only issuable fact is, the right of property in the plaintiff, and under such an issue the plaintiff must recover on the strength of his own title, and the burden of proof is on him to establish his right. Such is the doctrine of the case of

*Anderson* v. *Talcott,* 1 Gilm. 371.   The rule there stated is
fully supported by authority.   *Gotloff* v. *Henry,* 14 Ill. 384;
*Hunt* v. *Chambers,* 1 Zab. 627; *Rogers* v. *Arnold,* 12 Wend.
30; *Noble* v. *Epperly,* 6 Ind. 414; *Prosser* v. *Woodward,* 21
Wend. 205; *Johnson* v. *Meale,* 6 Allen, 229; *Seibert* v. *McHenry,*
6 Watts, 303; *Cullom* v. *Beavin,* 6 Harr. & J. 469.

Consistently with the rule established by the above cases,
we hold that the evidence tendered by the appellant to prove
that the title of the property in question was in E. R. Benedict,
and not in the appellee, was admissible, and ought to have
been allowed to go to the jury for their consideration, in con-
nection with the other evidence in the case.   It was pertinent
to the issue, and would tend to disprove the fact that the
appellee was required to maintain, viz: the right of property
in himself.

The appellant offered to prove, in connection with the evi-
dence above alluded to, and was refused the privilege, that the
plaintiff was not entitled to the possession of the property.
This evidence was admissible even under the plea of *non
detinet,* and it was error in the court to exclude it.

For the reasons indicated, the judgment must be reversed
and the cause remanded; and inasmuch as the case will have to
be submitted to another jury, we deem it improper at this time
to comment on the weight of the evidence to support the ver-
dict, or to discuss the case on its merits.

It appears from the record, that this cause was first tried at
the December term, 1869, when the jury returned a verdict in
the following form:   "We, the jury, find the defendant not
guilty," and thereupon the plaintiff entered a motion for a new
trial.   Pending this motion, the cause was regularly continued
to the January term, 1870, at which time the plaintiff with-
drew his motion for a new trial, and thereupon, at that term of
court, the defendant entered a motion for a new trial, which
motion the court allowed and awarded a new trial.

The appellee, under the statute, now assigns for error the
ruling of the court in awarding a new trial on the motion of

the defendant, at the January term, 1870, and submits that the appeal in this cause, for that reason, ought to be dismissed.

As a general rule, judgments are rendered at the term at which the trial of the cause is had, but if, for any reason, the cause is continued, we can perceive no reason why either party may not enter a motion for a new trial at any time before final judgment. The latter clause of sec. 24, R. S. p. 417, to which our attention has been called, does not seem to us to have any application to this case. That clause of the statute has reference only to setting aside verdicts or judgments for irregularity, and provides that the objection must be taken at the term of the court at which the judgment or verdict is given. The same section provides that the motion for a new trial may be entered before "final judgment."

In this instance, the cause was regularly continued, pending the plaintiff's motion for a new trial. As soon as that motion was withdrawn, the defendant availed of the first opportunity to enter his motion for a new trial, and that was before "final judgment" in the case, and therefore in apt time. The granting of a new trial is in the discretion of the court, and when the court has once exercised that discretionary power, and awarded a new trial, the appellate court will not review its action in that regard. *Weaver* v. *Crocker,* 49 Ill. 461.

The cause was still pending before the court at the January term, and no final judgment had then been entered. For what cause, the record does not disclose, but in the exercise of a discretionary power with which it is clothed, the court did award a new trial, and this court can not review its action in the premises.

The judgment is reversed and the cause remanded.

*Judgment reversed.*