JOSEPH H. REYNOLDS

*v.*

JAMES F. McCORMICK.

1. REPLEVIN—*plea of property in defendant.* In replevin, the plea of property in defendant is mere inducement to the formal traverse of the right of property in the plaintiff. It is not even traversable.

2. ISSUE *presented by plea of property in defendant.* Under such a plea, the issue to be tried is not whether the property is in the defendant, but whether the right of property and the right to immediate possession is in the plaintiff. On such an issue the plaintiff must recover on the strength of his own title, and the burden of proof is on him to establish his right.

3. REPLEVIN—*effect of verdict on title to property.* In replevin, where the defendant pleaded property in himself, and the proof showed that he owned the property jointly with the plaintiff: *Held,* that a verdict for defendant on such issue did not determine judicially that the property was that of defendant exclusively, and that such finding did not affect plaintiff's right to recover the undivided half.

4. SAME—*return of property.* Where the plaintiff sought to recover possession of property in an action of replevin, claiming to be the exclusive owner thereof, and the defendant pleaded property in himself, the proof showing that the property was owned in partnership by the plaintiff and defendant: *Held,* no error for the court to award a return of the property to defendant on a verdict finding such issue in favor of defendant. If the property was, in fact, partnership property, the possession of either was lawful.

5. REPLEVIN—*by one partner against his co-partner.* It seems that where property is owned by two persons jointly as partners neither can maintain replevin against the other for the exclusive possession.

6. NEW TRIAL—*finding of jury.* Where the only witnesses examined upon the point in issue are the two parties to the suit, and their testimony is flatly contradictory, the court will not undertake to say which witness the jury ought to have credited.

7. EVIDENCE—*error not prejudicial.* Where a plaintiff has already proved a certain fact which is not disputed by the defendant, it is no error to reject other proof to the same effect.

APPEAL from the Circuit Court of Adams County; the Hon. JOSEPH SIBLEY, Judge, presiding.

The facts are sufficiently stated in the opinion of the court, except that the defendant below claimed to have purchased one-half interest in the property replevied of the plaintiff, while they were practicing medicine in partnership. On this point, the only testimony was that of the parties, who expressly contradict each other. The court below refused the third and fifth instructions asked by plaintiff, which are as follows:

3. If the jury believe, from the evidence, that the defendant's only claim of right to the property is by purchase from the plaintiff, they should find the property in question the property of the plaintiff, unless, upon consideration of all the evidence upon the question of such purchase, they believe the same preponderates in favor of such purchase, in fact, having been made.

5. If the jury believe, from the evidence, that the property in question was the property of the plaintiff, and even if they further believe, from the evidence, that the defendant purchased of the plaintiff an undivided half interest therein, and that such purchase is defendant's only claim or right to the same, in such case these facts will not, in law, prove the defendant's plea of property in the defendant.

The court gave the following instructions for defendant, to which plaintiff excepted:

1. If the jury believe, from the evidence, that, at the time the property replevied in this case was replevied, it was owned by both the plaintiff and defendant as partnership property, the jury will find the issues for the defendant.

2. The court further instructs the jury, on behalf of the defendant, that in determining upon their verdict in this case, they should take into consideration all the facts and circumstances in evidence before them, and if, after full consideration of all such facts and circumstances, the jury are of the opinion from the same that the defendant did purchase one-half interest in the property replevied in this suit as testified to by him, then the jury should find the issues for the defendant.

3. The court instructs the jury, on behalf of the defendant, that in order to entitle the plaintiff to a verdict, it is incumbent on the plaintiff to establish, by evidence in the case, that the goods and property replevied in this suit were in the possession of the defendant, or that he detained the same from the plaintiff at the time the suit was commenced; and unless the jury do believe from the testimony given in this case, that said property was in the possession of the defendant, or that he detained the same when this suit was commenced, then they should find for the defendant upon the issue of detention of such property only.

The jury found the issues for the defendant. Plaintiff moved the court for a new trial, which was denied, and judgment rendered on the verdict, and for a return of the property.

Messrs. SKINNER & MARSH, for the appellant.

Messrs. WARREN, WHEAT & HAMILTON, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The declaration in this case contained two counts: one for the taking, and one for detaining, the property described in the writ.

The pleas were, first, *non detinet;* second, *non cepit;* and third, property in the defendant, with issue thereon to the country.

The third plea filed by the appellee is, in effect, a special or formal traverse, averring, by way of inducement, property in himself, and traversing, under the *absque hoc,* the appellant's allegation of ownership in the property. It has been uniformly held by this court, in harmony with the decisions in other States where the common law practice prevails, that the allegation of property in the defendant is merely inducement to the formal traverse of the right of property in the plaintiff. It is not even traversable.

The question raised by such a plea is not whether the property is in the defendant, but whether the right of property and the right to immediate possession is in the plaintiff. It was held by this court, in *Constantine* v. *Foster,* 57 Ill. 36, that under the plea of property in the defendant or a stranger, in an action of replevin, with a denial of the right of property in the plaintiff, the only issuable fact is the right of property in the plaintiff; and, under such a plea, the plaintiff must recover on the strength of his own title, and that the burden of proof is on him to establish his right. *Anderson* v. *Talcott,* 1 Gilm. 371; *Chandler* v. *Lincoln,* 52 Ill. 74.

The question made by the pleadings in this case, and submitted to the jury for their consideration, was not whether the property was the property of the appellee, but whether it was the property of the appellant, and whether he was entitled to the exclusive possession.

On this question, the only witnesses examined were the parties themselves, and their testimony is flatly contradictory. In such cases we can not undertake to say which witness the jury ought to credit. The verdict will be deemed conclusive of the controverted facts.

The only fact settled by the verdict is, that the appellant is not the sole owner of the property in controversy, and entitled to the exclusive possession. It does not determine judicially,

as the counsel seem to suppose, that the property is the exclusive property of the appellee. We do not understand that the appellant's right to recover the undivided one-half of the property is in any manner affected by the verdict in this case. That question was not in issue by the pleadings.

If the property was, in fact, partnership property, the possession in either party was lawful, and the order for the return of the property, on the finding of the jury, was not improper. It simply placed the parties *in statu quo,* where their respective rights to the property could be settled at a future period in some appropriate action.

It is insisted that the court erred in excluding the testimony of Doctor Baker as to the value of the property. If it be conceded that the evidence offered was admissible, we can clearly see that the appellant was in no wise prejudiced by the rulings of the court. The value of the property proposed to be proven by the witness, Baker, was testified to by the appellant, and the witness Niles, and its value fixed. The appellee did not dispute the value placed on the property by the witnesses; nor offer any rebutting evidence. Hence, the facts proposed to be proven by Baker, were, in effect, conceded by the appellee.

The instructions given on behalf of the appellee are not inconsistent with the views expressed in this opinion. They substantially state the law as applicable to the case, and could not mislead the jury on the issues involved.

The instructions asked on behalf of appellant, and refused by the court, do not state the law correctly as we understand it, and were properly refused.

No material error appearing in the record, the judgment is affirmed.

*Judgment affirmed.*