GEORGE A. BALLOU

v.

MICHAEL HUSHING AND JAMES DEES.

*Replevin — Pleading—Issues — Burden of Proof — Alleged Sale of Goods to Defendant—Creation of Trust.*

1. Under the plea of property in the defendant or in a stranger in an action of replevin, with denial of right of property in the plaintiff, the only issuable fact is the right of property in the plaintiff, and under such issue the plaintiff must recover on the strength of his own title and the burden of proof is on him to establish his right.

2. Where a bill of sale of certain property was executed and delivered to plaintiff, and on the same day he delivered to the pretended ven-

dor an agreement to sell the property and apply all the proceeds over a certain amount to the payment of certain claims against such vendor, these two instruments are to be construed together, and so considered, the transaction is not a sale but the creation of a trust.

3.   In an action by the plaintiff to recover the above property from constables who had attached it as the property of his alleged vendor, where the plaintiff by his pleading disavowed a trust capacity and asserted individual ownership, this court holds that the plaintiff could not in this court shift his ground and claim the right of possession of the property as assignee or as holder of a lien.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Montgomery County; the Hon. J. J. PHILLIPS, Judge, presiding.

This was an action of replevin brought by the appellant against the appellees to recover a stock of groceries, woodenware and other like articles. The declaration contained two counts, both averring that the chattels in controversy were the property of the appellant, one averring that such chattels had been unlawfully taken from him and the other that they were unlawfully detained from him. A number of pleas were filed but all of them, together with the replications thereto, were withdrawn, except certain of them which alleged that the goods and chattels in question were not the property of the plaintiff, but were the goods and chattels of one Charles E. Bowman, and as such had been taken by appellees, as constables having writs of attachments against Bowman. To these pleas the appellant replied that he and not Bowman was the owner of the property and also denied that the attachment writ had been levied upon them. These issues were submitted to the court without the intervention of a jury.

The evidence relied upon by the appellant to support his claim of title was a bill of sale executed and acknowledged by Bowman, purporting to sell to and vest in appellant the absolute title to the property "to him, his heirs, executors, administrators and assigns to his own proper use and benefit forever," together with proof of the delivery of the property to him.

The testimony adduced in behalf of the appellees showed that at the time of the execution of this bill of sale the appellant executed and delivered to Bowman the following agreement:

. LITCHFIELD, ILL., Aug. 26, 1890.

This agreement witnesseth, that whereas, Charles E. Bowman has this day made a bill of sale to George A. Ballou, for and in consideration of the sum of $445, and the stock of goods named in said bill of sale are possibly worth more than that amount, that the said George A. Ballou agrees that after he has received from said stock by sale the sum of $445, that any balance that may be left in his hands from said sale he will pay to the following persons *pro rata* on the accounts set opposite their names, as follows:

| | |
|---|---|
| Kraft, Holmes Gro. Co.................. | $150.92 |
| E. G. Scudder Bros.................... | 198.00 |
| J. M. Anderson & Co................... | 222.09 |
| Alvin Grover Company................. | 200.10 |
| Adam Roth & Co....................... | 136.00 |
| James H. Brookmire & Co.............. | 72.80 |
| Jacob Furth & Co..................... | 55.50 |
| Greeley, Burnham Grocery Co.......... | 80.40 |

Hereby intending that the said George A. Ballou shall have the said stock as his own property, and that he will pay *as further consideration for said stock* such amount as he may receive, if any, *pro rata* among the persons and corporations named in this instrument. And it is further understood that the said George A. Ballou shall sell the said stock at a fair and reasonable price to the best of his skill and ability.

GEORGE A. BALLOU,
By E. L. Chapin, his attorney.

It further appeared from the testimony that the appellees, as constables, by virtue of the writs of attachment, levied upon the goods after possession of them had been delivered to the appellant by Bowman. The court found the issues for the appellees, and rendered judgment accordingly, awarding a return of the goods and damages in the sum

of one cent.   From this judgment appellant prosecutes this
appeal.

Mr. James M. Truitt, for appellant.

Messrs. Lane & Cooper and Southworth & Zink, for
appellees.

Mr. Justice Boggs.   "Under the plea of property in
a defendant or in a stranger in an action of replevin,
with denial of the right of property in the plaintiff,
the only issuable fact is the right of property in the
plaintiff, and under such issue the plaintiff must recover
on the strength of his own title, and the burden of
proof is on him to establish his right."   Constantine v.
Foster, 57 Ill. 36; Reynolds v. McCormick, 62 Ill. 412.
The appellant introduced the bill of sale in evidence,
which, standing alone, established ownership in him.   The
appellees produced in evidence the agreement set out in the
statement of the case.   These two instruments executed by
the parties at the same time, and concerning the same sub-
ject-matter, *i. e.*, the transfer of the property in question to
the appellant, are to be considered together and construed
as though both had been combined in one writing.   So con-
sidered, the transaction is found to have been not in fact
a sale of the property by Bowman to the appellant, as
appears from the bill of sale, but rather the creation of a
trust for the purpose of securing the application of the
proceeds of a sale of the property to certain creditors of
Bowman, with preferences as to the order of payment of
such creditors.   Appellant did not by force of these instru-
ments become the owner of the property, but, upon the
contrary, was vested at most with a right to its possession
for the purpose of making disposition of the same by sale
"at fair and reasonable prices" only, and to this end the
appellant expressly agreed to devote "the best of his skill
and ability."   The proceeds of any sale thus made would
not become the property of the appellant, but he would hold

it in trust, or as an assignee, for distribution, according to the terms of the instrument creating the trust. This instrument, or the instruments, contained no provision for the disposition of a surplus, should any remain after the claims of the creditors. named were satisfied, but the law would imply that such surplus, if any existed, was to be returned to Bowman. Cross v. Bryant, 2 Scam. 36 ; Am. and Eng. Ency. of Law, Vol. 1, page 860, note 4, and page 861, note 1. The evidence, therefore, did not sustain the appellant's claim that he was the owner of the property, and that issue was properly decided against him. The appellant, by his pleading, disavowed a trust capacity and asserted individual and exclusive ownership of the property, and the truth of this assertion was, under the pleadings, the only real matter in controversy. The Circuit Court regarded the transaction between Bowman and the appellant as an assignment for the benefit of creditors, and as such, fraudulent in law, because it attempted to secure to the claims of certain creditors a preference over the claim of others. Appellant's counsel argue that if that view is correct the only remedy of contesting creditors is by a bill in chancery or an application in the County Court for process against the appellant requiring him to proceed under the statute as in cases of voluntary assignments by insolvent debtors, and that if the appellant holds as an assignee under the statute the property of the goods in question and a right to their possession vested in him as assignee, he ought to have recovered.

As to this, it is sufficient to say that appellant asserted by his pleading sole individual ownership of the property, which was in effect a denial and repudiation of the existence of a trust or that he held as assignee. He sought to recover in the Circuit Court as the individual owner of the property and properly failed. A judgment in his favor upon the issues as made by him would have conclusively established his individual ownership of the property. Black on Judgment, Sec. 671. He sought such advantage and failed, and can not be allowed to shift his ground in the Appellate Court, and ask a reversal of the judgment on

the theory that though not the owner he is entitled to the possession as assignee or holder of a lien. Hudson v. Swain, 83 N. Y. 552; Cobbey on Replevin, Sec. 601.

If he is so entitled he may take such steps as may be lawful to assert such rights. No question of that kind arises upon this record.

The judgment must therefore be affirmed.

*Judgment affirmed.*