## McLeroth and Company v. Ernest J. Magerstadt et al.

### Gen. No. 13,302.

1. REPLEVIN—*when burden upon plaintiff to prove title to property in question.* Where by the pleas filed the plaintiff's allegation of right to the property in question is formally traversed, the burden is imposed upon the plaintiff of proving title to the property in order to sustain the action.

2. FRAUD—*how proof of, may be made.* Proof of fraud must usually be made by means of circumstantial evidence. Fraud can seldom be established by direct evidence.

3. WITNESS—*how may be impeached.* Where a witness upon his cross-examination is asked if he did not in a former proceeding specified make certain statements and either replied that he did not or else did not remember, proof of the making of such statements may be made by way of impeachment, if material to the issue.

Replevin. Appeal from the Circuit Court of Cook County; the Hon. JOHN L. HEALY, Judge, presiding. Heard in the Branch Appel-

late Court at the October term, 1906. Affirmed. Opinion filed October 4, 1907.

**Statement by the Court.** Appellant brought an action of replevin against appellees to obtain possession of certain personal property upon which a writ of attachment had been levied by appellee Magerstadt as sheriff. The property was taken under the writ of replevin and delivered to appellant, the plaintiff.

Upon the trial the jury returned a verdict of not guilty, and assessed the defendant's damages at one cent. Judgment was entered on the verdict.

The evidence tended to show that in the year 1900, Harry H. McLeroth was engaged in the confectionery business, and in connection therewith operated a bakery at No. 137 North Park avenue, Austin, Illinois. The Collins Brothers Ice Cream Company was engaged in the manufacture and sale of ice cream and kindred products in Chicago and in the course of its business had extended credit to McLeroth until on October 29, 1900, upon a settlement between them, McLeroth owed the Collins company the sum of $2,002.53, for which McLeroth gave the company his notes secured by a chattel mortgage. The mortgage was duly acknowledged and recorded.

After the settlement the Collins company continued to extend credit to McLeroth, who became still further indebted to the company, until it was apparent his failure was inevitable. Thereupon the Collins company proceeded to foreclose its mortgage on the property. In the foreclosure the notice given of the sale did not state the day or the hour of the sale. The sale in pursuance of this notice was in bulk, and took place on February 6, 1902, at three o'clock in the afternoon. W. H. Collins, the president of the Collins Bros. Ice Cream Company, purchased the property at the sale for $1,000. According to the affidavit of replevin filed in this suit, the value of the property covered by the chattel mortgage and purchased by Collins was $2,500. W. H. Collins paid nothing to the Collins Bros. Ice Cream Company in money. The company owed him about $250

McLeroth v. Magerstadt.

for salary, and this was the only consideration paid by him for the property.

On February 9, 1902, the Collins Company executed a bill of sale of the property to W. H. Collins, reciting the foreclosure sale under the mortgage.

Prior to the sale under the chattel mortgage, W. H. Collins, with other parties, on February 3, 1902, commenced the organization of appellant corporation. A license was issued and on February 5, 1902, the day before the sale, the commissioners filed in the office of the Secretary of State of Illinois a report of their proceedings under the license, and on the same day the certificate of incorporation of appellant was issued. The capital stock consisted of one hundred shares of $100 each. Ninety-eight of these shares were subscribed for by W. H. Collins, and the other two shares by one Stirlen, the attorney who organized the corporation, and one Sullivan. W. H. Collins never paid one dollar into the corporation. The other subscribers for stock never paid anything to the corporation.

Harry Hope McLeroth and his wife were in possession of the property after the foreclosure sale, and were in possession thereof at the time the attachment writ was levied more than two months after the sale. During the two months between the sale and the levy, W. H. Collins, president of appellant, visited the place where the property was located on two occasions.

WILLIAM E. O'NEILL, for appellant.

ATWOOD, PEASE & LOUCKS, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

By the pleas filed in this case the plaintiff's allegation of right to the property in question was formally traversed. This imposed upon the plaintiff the necessity of proving its title to the property in order to sustain its action. Thus the material question before the trial court and jury was the right and title of the plaintiff, appellant, to the property.

Chandler v. Lincoln, 52 Ill., 74. Appellant, under this issue, must recover upon the strength of its own title. Constantine v. Foster, 57 Ill., 36; Reynolds v. McCormick, 62 Ill., 412. It was not sufficient for appellant to show that appellees had no title or right of possession, or that the property of right belonged to the Collins Bros. Ice Cream Company or to William H. Collins.

Appellant, to show its title to the property, offered in evidence the testimony tending to show an indebtedness from Harry H. McLeroth to the Collins Bros. Ice Cream Company, the chattel mortgage to the company to secure that indebtedness, the taking possession of the property by the Collins company, an effort to foreclose the mortgage by a sale of the property to the president of the Collins company, William H. Collins, and the organization of appellant and a transfer of the property to it by Collins.

Upon the evidence offered by appellant and by appellees, defendants below, appellees contended on the trial and now urge, first, that appellant failed to show title to the property; and second, that the alleged foreclosure of the chattel mortgage and the subsequent transfers of the property were all for the purpose of hindering and delaying the creditors of Harry H. McLeroth in the collection of their claims; and that such purpose was known to Collins Bros. Ice Cream Company, William H. Collins and appellant; and was participated in by all of them; and that therefore the transfers were fraudulent and void.

The facts and circumstances relied upon by appellees to show that the transactions and transfers relied upon by appellant were not *bona fide,* and that the purpose of the whole chain of events was to hinder and delay the creditors of Harry H. McLeroth, may be briefly stated as follows:

Harry H. McLeroth was in possession of the property before the chattel mortgage was foreclosed, and at the time of the levy of the attachment writ. The chattel mortgage sale was conducted without giving any notice thereof, the day of the month, and the hour of the day, being left blank in the notice.

McLeroth v. Magerstadt.

The property was mortgaged for $2,002.53. The bill of sale given by the Collins Bros. Ice Cream Co. to W. H. Collins recites that there remained due at the time of the foreclosure $1,615, McLeroth having paid the interest and $400 on the principal. Dermett, the secretary of the Collins Bros. Ice Cream Co., swore to the affidavit of replevin that the property was worth $2,500. This property, mortgaged for $2,002 and worth $2,500, was sold by the Collins Bros. Ice Cream Co. to its president for the alleged sum of $1,000, without objection from McLeroth. Practically no consideration passed from W. H. Collins to the Collins Bros. Ice Cream Co. for the transfer of the property to him. The time of the organization of appellant and the manner of its organization, without the payment of any money into the treasury of appellant, left appellant a mere paper corporation with no money, and it inevitably became a bankrupt afterwards. These and other facts and the peculiar testimony of W. H. Collins, referred to later, are relied upon to support the contentions of appellees.

In Beidler v. Crane, 135 Ill., 92, 99, it is said: "A transfer of property must not only be upon a good consideration, but it must also be *bona fide*. Even though the grantee or assignee pays a valuable, adequate and full consideration, yet if the grantor or assignor sells for the purpose of defeating the claims of his creditors and such grantee or assignee knowingly assists in effectuating such fraudulent intent, or even has notice thereof, he will be regarded as a participator in the fraud, for the law never allows one man to assist in cheating another. Bump on Fraudulent Conveyances (2nd Ed.), 197 *et seq.* A deed fraudulent in fact is absolutely void as against creditors for any purpose of reimbursement or indemnity. Lobstein v. Lehn *et al.,* 120 Ill., 549; Phelpe *et al.* v. Curtis *et al.,* 80 Ill., 109."

Proof of fraud must usually be made by means of circumstantial evidence. Fraud can seldom be proved by direct evidence, "A verdict may well be founded on circumstances alone; and these often lead to a conclusion far more satisfactory than direct evidence can produce." Greenleaf

on Ev., section A; Carlton v. People, 150 Ill., 187; Po-
dolski v. Stone, 186 Ill., 549.

In this case there is evidence that the transactions shown
by the plaintiff, appellant, to make out its title to the prop-
erty were had in good faith and without fraudulent intent.
But the testimony of W. H. Collins, which is mainly relied
upon by appellant, was seriously impeached on the trial, so
that the value and force of his testimony was practically de-
stroyed as to some parts at least of his testimony which
were vital to appellant's case.

Upon the examination of all the evidence we are of the
opinion that the verdict of the jury was warranted by the
evidence and that we ought not to disturb it, if the case was
properly submitted to the jury.

It is urged, however, that the court erred in admitting
the testimony of Kate S. Holmes as to the admissions or
declarations of W. H. Collins in his testimony before the
referee in bankruptcy in the matter of McLeroth & Com-
pany.   We think the court was correct in its ruling on this
evidence.   It was impeaching evidence, and the proper foun-
dation for it had been laid by drawing the attention of the
witness to the time, place and substance of the former tes-
timony, on his cross-examination.   The witness denied or
failed to remember what he had formerly stated in his tes-
timony in the bankruptcy proceedings. . Under such cir-
cumstances it was competent for appellees to prove what the
witness said in his former testimony in regard to the same
matters.   Ray v. Bell, 24 Ill., 444; Wood v. Shaw, 48 *id.*,
273; Bressler v. People, 117 *id.*, 422; Chicago City Ry. Co.
v. Mattieson, 212 *id.*, 296; I. C. R. R. Co. v. Wade, 206 *id.*,
532.

It is urged on behalf of appellant that there was no evi-
dence before the jury upon which to base the following in-
struction given at the request of appellees, and therefore it
was error:

"You are instructed that even though you may believe
from the evidence that the property in question was not the
property of the defendants, or that some one other than de-

fendants was entitled to the possession thereof, still if you further believe from the evidence that the right of property and the right of immediate possession are not in the plaintiff, but in Collins Brothers Ice Company, W. H. Collins or some person other than the plaintiff, then you will find the issues for the defendants and the right of property in the defendants."

We think that there was evidence before the jury upon which to base the instruction. It is not contended that the instruction does not state the law correctly. We do not think the court erred in giving it.

The seventh, eighth, ninth, tenth and eleventh instructions given at the instance of appellees are likewise objected to, upon the same grounds, but we think the objections are not well founded.

Counsel for appellant complain of the giving of the following instruction:

"If you believe from the evidence in this case that on or about the 1st day of February, 1902, Harry H. McLeroth was the owner of the property replevined, subject to a chattel mortgage thereon to the Collins Brothers Ice Cream Company, and if you further believe from the evidence that Collins Brothers Ice Cream Company was the cause of organizing the corporation of McLeroth & Company and foreclosed said chattel mortgage, and sold the property to W. H. Collins, and that said W. H. Collins sold the same to the corporation which was organized under the name of McLeroth & Company, and that Harry H. McLeroth was the manager of McLeroth & Company and conducted the business under said name until the levy of the writ of attachment in favor of George Weinhagen and Minna Schulz, and if you further believe from the evidence that all of said transactions were for the purpose of hindering and delaying the creditors of Harry H. McLeroth in the collection of their claims, and that such purpose was known to and participated in by Collins Brothers Ice Cream Company, W. H. Collins and McLeroth & Company, then you are instructed to find the issues for the defendants, and the right of property in the defendants."

The grounds of objection to this instruction are that there is no evidence on which to base it, and that it does not state the law correctly. In our opinion neither of these grounds is tenable. We think there was sufficient evidence in the case upon which to base the instruction. In our opinion the instruction expresses with substantial accuracy the law as announced in the authorities cited *supra*.

Three instructions requested by appellant were refused and counsel states he believes they ought to have been given. No argument is made in support of the instructions, and we think no sound argument could be made. The elements of fraud and good faith in the transactions are entirely eliminated from the propositions embodied in the instructions, and the court correctly refused them.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*