## Perfect Knitting Mills, Appellant, v. M. Obstfeld et al., Appellees.

### Gen. No. 15,076.

REPLEVIN—*effect of special traverse of right of property.* The issue made on such a plea of property in defendants does not involve the absolute ownership of the goods. It is sufficient if the plaintiff has a special interest in the property entitling him to the present possession. Under such a plea the plaintiff must recover on the strength of his own title and the burden of proof is on him to establish his right.

Replevin. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed May 2, 1910.

ALFRED E. BARR, for appellant.

BRADY & LEVY, for appellees; JOSIAH BURNHAM, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment for the defendants in replevin. The declaration alleged the taking and detaining by defendants of a large number of sweaters and a quantity of yarn, and contained a count in trover for the same property. All of the property was taken on the writ and delivered to plaintiff. The pleas by all of the defendants were, (1) *non cepit,* (2), *non detinet,* and (3) not guilty to the count in trover. Defendant, M. Obstfeld, pleaded property in himself and plaintiff replied traversing the plea.

The jury retured the following verdict: "We the jury find the defendants not guilty and that the right to the possession of the property in question is in the defendants and assess the defendants' damages for the detention of said property at the sum of $250." Defendants remitted $249.99 of the damages, and the

court denied plaintiff's motion for a new trial and entered judgment that the defendants recover from the plaintiff the property replevied, and the one cent damages by the jury assessed and their costs, and that a writ of *retorno habendo* issue for the return of said property.

The special plea of M. Obstfeld is in effect a special traverse of the averment in the declaration of right of property in the plaintiff, and the allegation of right of property in said defendants is merely inducement to such traverse and is not even traversable. The issue made on such plea of property in defendants does not involve the absolute ownership of the goods. It is sufficient if the plaintiff has a special interest in the property entitling him to the present possession. Cleaves v. Herbert, 61 Ill. 126. Under such a plea the plaintiff must recover on the strength of his own title and the burden of proof is on him to establish his right. Reynolds v. McCormick, 62 Ill. 412; Gotloff v. Henry, 14 Ill. 384. The verdict finds substantially that the plaintiff had not the right to the possession of the property by finding that the right to the possession was in the defendants.

It is no just ground of complaint of the plaintiff that the finding was that the right of possession was in the defendants, when only M. Obstfeld had pleaded property in himself, or that a return of the property to all of the defendants was ordered by the judgment. Defendant, M. Obstfeld, alone could complain of that. Gotloff v. Henry, *supra*.

The evidence is conflicting and we cannot say that the jury might not properly find that the plaintiff was not entitled to the possession of the property in controversy.

No material error appearing in the record the judgment is affirmed.

*Affirmed.*