HENRY B. FARNHAM *versus* SAMUEL A. GILMAN & *al.*

SAME *versus* SAME.

If an attorney, to whom a demand is entrusted for the purpose of receiving or securing the amount due, authorizes an officer, who may receive a writ thereon, to take the receipt of a certain individual for the goods which he directed to be attached, or approves the same after it is so taken, the officer is discharged from his liability for not retaining the possession. This, however, does not release those who had given the receipt, but is only an adoption of the act by the creditor for his own benefit, who thereby acquires an equitable interest therein, which will be protected by the Court.

And if the creditor has brought a suit against the officer for neglecting to keep the goods attached, so that they might be taken on the execution, and has failed therein on the ground, that the receipt was approved by the attorney of the creditor, this furnishes no bar to a recovery upon the receipt.

Where goods were attached, and the debtor, with a surety, gave a receipt therefor to the officer, and such proceedings were had, that both had become liable upon the receipt; and then the principal debtor went into bankruptcy and obtained his certificate of discharge as a bankrupt, under the laws of the United States; such certificate will discharge the bankrupt only, and not the other receipter.

And it seems to have been held by a majority of the Court, that prior to the statute of 1844, c. 115, that on such discharge of the bankrupt, he was entitled to costs against the plaintiff.

Where by a mistake of the clerk of the Court the execution upon which the demand upon the receipters was made, was issued for too large a sum, and this error was afterwards corrected, the goods having been disposed of so that they could not be delivered to the officer when the demand was made, *it was held,* that the objection of a want of due demand of the goods could not prevail.

ASSUMPSIT upon receipts for goods attached by the plaintiff, then a deputy sheriff, as the property of Samuel A. Gilman, in suits, Henry Rice against him.

There were two distinct suits, tried at different times, when different Judges were presiding, but the questions of law embraced in one case included all that were raised in the other. Only one of the cases will therefore be mentioned hereafter.

The plaintiff proved an attachment of the property in the suit, *Rice* v. *Samuel A. Gilman,* receipt therefor signed by him and by the other defendant, a judgment in favor of the plaintiff, issuing of an execution, delivery of the same to an

officer, and demand of the property within thirty days after judgment, and refusal to deliver it.

The defendants then introduced in evidence a certificate of the discharge of Samuel A. Gilman in bankruptcy, under the laws of the United States, obtained long since the pendency of this suit. The plaintiff moved for leave to discontinue against Samuel A. Gilman, which was permitted, and the discontinuance entered. Gilman moved that his costs should be allowed him. The decision of this question was reserved for the consideration of the whole Court.

The defendants then offered in evidence the record of the judgment in an action, *Henry Rice* v. *Daniel Wilkins*, late sheriff of the county, for the default of the plaintiff, his deputy, in not safely keeping the property attached and receipted for by the defendants, wherein the verdict was that Wilkins was not guilty.

The plaintiff then called J. Cutting, Esq. one of the counsel in that suit, and put to him the following interrogatory. Was the defence in the case, *Rice* v. *Wilkins*, placed by his counsel on the ground, that Farnham in taking the receipt had acted under the direction of Rice, or of his attorneys? This question was objected to by the defendants, but TENNEY J. presiding at the trial, permitted it to be answered. The answer was, I think that was the ground of the defence, and that he took the receipt by direction of said Rice's counsel, and that after the taking of it, his doings were ratified by the attorney of the plaintiff. This question was one of the prominent points presented in the defence. The plaintiff, in that case, claimed that the receipt had been taken without his consent, and that the officer was responsible for so taking it. M. L. Appleton testified, that the present suit was brought by him by direction of Farnham, the witness supposing that Farnham was liable for the execution, *Rice* v. *Gilman*; that the receipt was not taken by his direction or consent, nor, as far as he knew, by the direction or assent of his deceased partner, Mr. Starrett; and that as Rice failed in the action against Wilkins, this suit was now prosecuted for his benefit.

Farnham *v.* Gilman.

The defendants proved, that the goods were never removed from the possession of S. A. Gilman, the debtor, and were disposed of by him before the demand.

The plaintiff then offered in evidence the report of the Judge, presenting the question of law, in the case, *Rice* v. *Wilkins.* Its admission was objected to by the defendants, and excluded by the Judge.

The judgment and execution were referred to in the report of the Judge, but no copies appear in the case. It was, however, contended at the argument, that the demand on one of the receipts was void, because the execution on which the demand was made, was issued for an amount greater than that to which the creditor was entitled. The facts relative to it are stated in the opinion of the Court.

The consideration of the case was then taken from the jury, and submitted to the decision of the Court upon the evidence, or such of it as was legally admissible; and the Court were authorized to draw inferences, and enter the proper judgment by nonsuit or default.

*M. L. Appleton* argued for the plaintiff; and

*A. Gilman* and *J. Appleton,* for the defendants.

The opinion of the Court was drawn up by

TENNEY J. — In 1837, Henry Rice obtained two judgments in this Court against Samuel A. Gilman. On the original writs, the plaintiff, as deputy sheriff, returned goods attached; receipts were taken therefor, and the goods were sold by the debtor in the due course of business, they not having been removed from the shelves. Executions were issued upon these judgments and put into the hands of an officer, who made demand of the plaintiff, he not being then in office, for the goods returned, that they might be seized and sold to satisfy the executions; no delivery being made, the receipts were duly presented to those who gave them, and the goods called for, but not produced. These demands were all made within thirty days after the rendition of the judgments. A suit was brought against Daniel Wilkins, who was sheriff at the time of

the attachments, for the default of the plaintiff, his deputy, in not keeping the goods, so that they could be sold, and the proceeds applied in satisfaction of the executions. The suit was defended upon the ground, that the attachments were made and the receipts taken in pursuance of the direction of the attorneys of Rice, and his doings afterwards approved and ratified by them. It appears, that the suits upon the receipts are now prosecuted for the benefit of Rice, though his attorney did not understand, they were so commenced. At the trial of these actions, it appeared that Samuel A. Gilman, who had till that time been a defendant therein, had received his certificate of discharge as a bankrupt. The writs were amended by striking out his name, his counsel objecting, unless the costs were paid. The question, whether he was entitled to costs, is submitted to the Court, who are to award them or not as the law may authorize and require.

It is contended, that these actions cannot be maintained. 1st. The plaintiff and the sheriff, whose deputy he was, being relieved from all liability, there is no one who can claim the damages sought to be recovered, after they may be obtained. And 2nd. That the discharge of the original debtor in bankruptcy is to be regarded as payment of the debt. The right of the plaintiff to prove the ground on which the defence of the action of Rice against Wilkins was placed, was denied at the trial. This objection was not relied upon in the argument, though it was not positively abandoned. The receipts were signed by the original debtor and the present defendant, acknowledging the goods to have been attached as the property of the former, and there is sufficient evidence in the case to make them liable, after the seasonable demand upon them, and their refusal to deliver the goods, and the actions being prosecuted for the benefit of the original creditor. We do not perceive any legal objection to this evidence, although there seems to have been little necessity for its introduction.

If an attorney to whom a demand is entrusted for the purpose of receiving or securing the amount due, authorizes an officer, who may receive a writ thereon, to take the receipt of

a certain individual for the goods, which he directs to be attached, or approves the same after it is so taken, the officer is discharged from his liability for not retaining possession.  *Jenney* v. *Delesdernier*, 20 Maine R. 183 ; *Rice* v. *Wilkins*, 21 Maine R. 558.  This however by no means releases those who may give the receipt, but is only the adoption thereof by the creditor for his own benefit ; he acquires thereby an equitable interest, founded on a sufficient consideration, which has long been recognized and protected by Courts of law.  *Dunn* v. *Snell & al.* 15 Mass. R. 481 ; *Vose* v. *Handy*, 2 Greenl. 322.

From the evidence we are satisfied, that the original creditor had an equitable interest in those receipts, that there has been no release by him or the plaintiff to discharge their liability, and that the actions thereon can be maintained, unless the other ground of defence shall be allowed to prevail.

By the bankrupt act of 1841, § 4, " No discharge of any bankrupt under this act shall relieve or discharge any person, who may be liable for the same debt as partner, joint contractor, indorser, surety or otherwise, for or with the bankrupt." The certificate of discharge is sufficient to release the bankrupt from his previous liability, but it is not a payment of the debt.  If such a consequence results from a discharge, the words of the proviso just quoted would be without meaning ; for if the debt be paid, no liability can rest upon any one therefor.  A promise, obligatory at the time of the passage of the bankrupt law, to pay the debt of another, does not cease to be binding by the discharge of the latter.  If a person gives a note as surety for one, who afterwards becomes a certificated bankrupt, as collateral security for a debt, by bond, judgment or otherwise, the discharge of the principal could not relieve the surety.  And such a promise, made upon a condition of some act to be done by the one, to whom it is made, becomes absolute on the performance of the condition.  By such a promise, the surety becomes a debtor on his own contract, upon which the certificate could have no retrospective effect, and he can derive no benefit therefrom.  *Champion* v. *Noyes*, 2 Mass. R. 481.

Prior to the time when Samuel A. Gilman filed his petition in bankruptcy every thing had been done to render the signers of the receipts liable absolutely; a new promise had been made upon consideration and broken; there was a new and distinct cause of action against both, which has in no way been invalidated, as it existed against the present defendant. It is not perceived, that he holds any different relation to the nominal plaintiff and to Samuel A. Gilman, than he would have held, had he given his note with the latter as collateral security for the debt.

It is insisted for the defendant, that upon one of the receipts there has been no demand, which can bind him, inasmuch as it was made upon an execution, not corresponding with any judgment introduced. It appears, that the debt in the judgment on which this execution was issued, was made up for a greater amount, than the evidence offered in support of the declaration warranted, through the misprision of the clerk of this Court; this error has since been corrected by the Court; the judgment has not been reversed or annulled from the time it was rendered; it was one upon which an execution was legally issued, and could have been renewed, conforming to the judgment after the error was corrected at any time before the discharge of the debtor; it was issued upon no other *judgment*. The error could not discharge the obligation, created by the receipt; it in no manner operated to the prejudice of the defendant. He has proved the goods sold, so that he could not have delivered them, if he had wished so to have done. By the agreement, a default must be entered.

A majority of the Court perceives no reason why costs should not be awarded to Samuel A. Gilman under the agreement. He was entitled to them as a condition upon which the amendment was made, had it not been agreed that the question of costs should be presented with others in the case. He is the prevailing party also; and is not affected by the statute of 1844, c. 115, which was subsequent to the time when his claim arose. The suit was not pending against him at the time when the statute was enacted.