CHARLES B. CHANDLER

*v.*

LUCIUS A. LINCOLN.

1. PLEADING IN REPLEVIN—*to authorize a return of the property.* In replevin, neither the plea of *non cepit* nor *non detinet* denies property in the plaintiff, and though the defendant succeed on either of them, he will not be entitled to a return of the property. To entitle the defendant to a return, he must, by a proper mode of pleading, contest the plaintiff's right.

2. SAME—*in what mode the title may be put in issue.* The right of the plaintiff can only be put in issue by formally traversing his allegation of title, or by specially pleading that the right of property is in some other person than the plaintiff. If the defendant succeed upon such a state of pleading, he will be entitled to a return of the property.

3. SAME—*and herein, of the burden of proof as to title.* Where the defendant pleads property in himself or a third person, and traverses the plaintiff's right, the averment of property in the defendant or third person is only inducement to the traverse, and the plaintiff must take issue on the traverse and not on the inducement.

4. Under such a plea, traversing the plaintiff's right, the burden of proof as to the title to the property is upon him.

5. But where the plea is property in the defendant or a third person, without a traverse of the plaintiff's right, it leaves the burden of proof upon the defendant to establish the truth of his plea.

6. PARTNERSHIP—*sale of one partner's interest under execution—relations of the purchaser with the other partner.* The interest of one partner in the partnership property may be sold under execution against him for his individual debt, and that interest, whatever it may be, will pass to the purchaser, to be held, however, subject to all the rights of the other partner, so that if, upon a settlement of the partnership affairs, the debtor partner

would have been entitled to nothing had no sale taken place, then the purchaser will take nothing by his purchase.

7. Same—*in what proceedings such rights may be adjusted.* But in an action of replevin, where the title of a part of the property, alleged to be in a third person as a partner, is in issue, no settlement could be made between such partner and a purchaser under execution against his co-partner, and an instruction on that subject would be irrelevant.

Appeal from the Circuit Court of Whiteside county; the Hon. William W. Heaton, Judge, presiding.

The opinion states the case.

Messrs. Kilgour & Manahan and Mr. D. P. Jones, for the appellant.

Messrs. Sackett & McPherran, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This was an action of replevin for the recovery of a brick kiln supposed to contain two hundred thousand bricks, and a quantity of boards used for the purpose of covering the brick in the yard. Defendant filed pleas of *non cepit, non detinet,* property in defendant, as to one-eighth of the goods property in Hezekiah Brink, and *non cepit* as to the other seven-eighths, and an avowry as to one-eighth of the property seized on an execution against Brink, and *non cepit* as to the other seven-eighths. A demurrer was filed to the second, fourth and fifth pleas. It was overruled as to the second, but sustained as to the fourth and fifth, the last of which was amended, and issues were formed, and a trial was had by the court and a jury, which resulted in a verdict in favor of the defendant. A motion for a new trial was entered and overruled, and judgment rendered on the verdict. The record is brought to this court on appeal, and a reversal is asked.

The errors assigned question the action of the court below in giving appellee's, and modifying appellant's, instructions. It is first insisted that the modification of appellant's first instruction was erroneous. In this form of action, neither the plea of *non cepit* nor *non detinet* denies property in the plaintiff, and if the defendant succeed on either of them, he will not be entitled to a return of the property. If he desire a return of the property, he must contest plaintiff's right. This he may do by formally traversing the plaintiff's allegation of right, or by specially pleading that the right of property is in some other person than the plaintiff. A defendant is bound to take this course before he can contest the plaintiff's right. The object of these averments by defendant is to procure a return of the property, and to impose on the plaintiff the necessity of proving title to sustain his action. These averments, when made, require the plaintiff to prove his title. If the defendant pleads property in himself or a third person, he must, in the same plea, traverse the plaintiff's allegation of title. In such a case, the averment of property in the defendant, or a third person, is only inducement to the traverse of the plaintiff's right, and the plaintiff must take issue on the traverse, and not on the inducement.

On such an issue, the material question in dispute is, the right of the plaintiff to the property. The plaintiff holds the affirmative of the issue, and must sustain his right or fail in his action. What the plaintiff must prove, the defendant may disprove. *Anderson* v. *Talcott*, 1 Gilm. 345. It will be observed that to put the plaintiff on proof of his ownership on the trial, the defendant must traverse his right, and when such an issue is formed, it devolves upon the plaintiff to prove it, or fail in his action. Where the plea is property in the defendant or a third person, without a traverse of the plaintiff's right, it leaves the burden of proof upon the defendant to establish the truth of his plea.

In this case, the plea of property in the defendant also traversed the plaintiff's right. This, then, imposed the burden

of proving property in himself upon the appellant, as we have seen by the case of *Anderson* v. *Talcott*, *supra*. The fifth plea, as amended, averred the taking of one-eighth of the property, and averred that the title to that eighth was in Brink, and traversed the plaintiff's title to the same. And issue having been joined on that traverse, the burden of proving ownership in the plaintiff to that part devolved upon him. He averred ownership in his declaration, and it having been traversed, he must, to succeed, prove the averment. It, then, follows that appellant suffered no wrong by the modification of his first instruction. As modified, it required him to prove property *prima facie* in himself, before appellee was put upon proof to rebut it. From what has already been said, it will be seen that the second of appellant's instructions was properly refused, as it, if given, would have imposed the burden of proving property in Brink, in the first instance, on appellee. The third was also properly refused, as a partner's interest in the firm property may be sold under an execution, and that interest, whatever it may be, will pass by such a sale to the purchaser. But he takes it precisely as it was held by the defendant in the execution. If, on a settlement of the partnership affairs, defendant in execution is entitled to nothing, the purchaser would obtain nothing by his purchase. Such a purchaser would be compelled to settle with the other partner precisely as would the defendant in execution had his interest not been sold. On a trial of this character, such a settlement could not be made, and hence this instruction was irrelevant, and properly refused.

The fourth instruction was properly refused, inasmuch as it was immaterial how much capital was put in by Brink, or how he became a partner, provided he was a partner, and entitled to an eighth interest in the property in dispute.

From what has been said, it results that appellee's instructions do not accurately state the law, as the pleas of property in defendant and in a third person were accompanied with a traverse of plaintiff's right. But in this case it could not

mislead the jury, as the ownership of the property in the third and fifth pleas was an inducement to the traverse, and the issue was on appellant's ownership, and imposed the burden of proving that fact on him. We see no objection to the third and fourth of appellee's instructions. We perceive no error in this record of which appellant can complain, and the judgment of the court below must be affirmed.

*Judgment affirmed.*