CHARLES F. SWAN *et al.*

*v.*

JAMES H. GILBERT.

*Opinion filed October 24, 1898.*

1. PARTNERSHIP—*partner's interest, sold on execution, passes subject to firm debts.* A partner's interest in the firm property may be sold under an execution against him individually, but the purchaser acquires such interest subject to the rights of partnership creditors and the equities of the other partners.

2. SHERIFFS—*sheriff is warranted in following his writ.* A sheriff is warranted in following an execution issued on a judgment against one partner individually, although the judgment creditor refers him to the files in the case, which show that the note on which the judgment was entered by confession was executed in the firm name.

3. SAME—*when sheriff is not liable for a false return.* A sheriff having in his hands for collection several chattel mortgages upon the property of an insolvent partnership, and also executions issued on judgments against the partners individually, may apply the proceeds of the property to satisfy the mortgages without regard to the fact that part of them were executed after he received the executions, and he is not liable as for a false return of the latter if nothing remains to satisfy them.

*Swan* v. *Gilbert,* 67 Ill. App. 236, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

This was an action on the case, brought by appellants, against James H. Gilbert, sheriff of Cook county, for a false return upon an execution. The facts are practically undisputed. W. A. Cave and F. G. Mathison were co-partners doing business at different places in the city of Chicago. One store, at No. 9206 Commercial avenue, known as the "Bee Hive," was conducted under the name of W. A. Cave & Co., (Mathison being his partner,) and the other, at No. 245 Ninety-second street, known as "The Fair," was conducted under the name of F. G. Mathison & Co., the same members composing each firm. About

June 5, 1892, a judgment note for the sum of $1000 was
given to appellants, who were then engaged in the bank-
ing business, which note was signed by the firm name of
W. A. Cave & Co., the signature being attached thereto by
W. A. Cave.   On August 6, 1892, two chattel mortgages
were executed by the firms of W. A. Cave & Co. and F. G.
Mathison & Co. to Marshal Field & Co. on the two stocks
of goods mentioned, to secure an indebtedness of over
$8000.   On the 8th day of August two additional chattel
mortgages were executed by these firms on these stocks
of goods,—one to the Calumet National Bank, to secure
an indebtedness of $3000, and one to Ella Orb, to secure
an indebtedness of $825.   All of these mortgages were
placed in the hands of the deputy sheriff in different
order of time, and possession of the two stocks of goods
was taken by him, together with $72 of money found in
the cash drawer at one of the stores.   It is not disputed
that these chattel mortgages were given to secure firm
indebtedness.   Subsequently, judgment was confessed on
the note for $1000 held by appellants, signed by W. A.
Cave & Co., but judgment was rendered only against
W. A. Cave and execution issued against him.   This exe-
cution came into the hands of the deputy sheriff after he
had taken possession of the stocks of goods under the
chattel mortgages.   On August 22, and subsequent to the
issuing of the execution against Cave, the firm executed
two other chattel mortgages on these stocks of goods
to J. V. Farwell & Co. to secure an indebtedness of about
$5500, and these were also placed in the hands of the
same deputy sheriff for foreclosure.   The property was
sold under the chattel mortgages on August 24 and the
proceeds applied on the chattel mortgages, except that
of Farwell & Co., after which there remained in the hands
of Jones, the deputy sheriff, who was acting as agent of
the mortgagees, the sum of $2240.   Appellants, together
with one Edward L. Hassenstein, who had a judgment
and execution similar in all respects to that of appel-

lants, claimed that this amount should be applied on their executions instead of on the Farwell mortgages. They insisted that, notwithstanding their judgments and executions were against W. A. Cave, they were for a partnership indebtedness, and they referred the deputy sheriff to the files in the case as evidence of that fact. He, however, applied the $2240 upon the Farwell mortgages instead, upon the theory that the indebtedness was partnership indebtedness, and that the indebtedness of appellants was against one individual member of the firm.

Upon the trial of this cause in the circuit court of Cook county, a jury being waived, the issues were found for the defendant, James H. Gilbert, sheriff of Cook county. On such trial propositions of law were submitted asking the court to hold that, notwithstanding the judgment and execution were against W. A. Cave individually, satisfaction should have been had of the same in preference to the Farwell mortgages; that such mortgages were not a lien upon the $2240 balance of the proceeds arising from the sale of said stock of goods; that it was the duty of the sheriff to have enforced such execution in preference to the Farwell mortgages; that the defendant sheriff was guilty of a false return on the execution in returning it not satisfied. Such propositions were refused by the trial court. On appeal to the Appellate Court for the First District the judgment of the circuit court was affirmed, and this appeal is prosecuted.

A. B. ST. JOHN, S. A. FRENCH, and D. W. C. MERRIAM, for appellants:

In this State the unsecured creditor of a co-partnership has no lien, legal or equitable, on the partnership assets, and no right to have such assets first applied to the payment of his claim in preference to the like creditor of the individual partner. Both classes of creditors stand on a strict equality as to the individual and partnership assets, without reference to the fact of partner-

ship or no partnership. *Young* v. *Clapp*, 147 Ill. 191; *Ladd* v. *Griswold*, 2 Gilm. 37; *Hapgood* v. *Cornwell*, 48 Ill. 64; *Singer* v. *Carpenter*, 125 id. 117; *Farwell* v. *Houston*, 151 id. 239; *Farwell* v. *Cook*, 42 Ill. App. 293; *Hanford* v. *Prouty*, 133 Ill. 352.

The partners have an equitable right to have the firm assets marshaled and applied to the liquidation of the claims of firm creditors in preference to those of the individual members of the firm. This rule is for the benefit of the partners themselves, and the partner can enforce it only through a court of equity, and not at all if he has waived or abandoned it. *Ladd* v. *Griswold*, 2 Gilm. 37; *Farwell* v. *Cook*, 42 Ill. App. 293; *Hapgood* v. *Cornwell*, 48 Ill. 64; *Singer* v. *Carpenter*, 125 id. 117; *Young* v. *Clapp*, 147 id. 191; *Hanford* v. *Prouty*, 133 id. 352; *Farwell* v. *Houston*, 151 id. 23.

This right is an equitable one, and cannot be enforced at law. *Newhall* v. *Buckingham*, 14 Ill. 408; *Chandler* v. *Lincoln*, 57 id. 77.

Although a partner has an equitable right to have the assets of the partnership marshaled and applied to the liquidation of partnership debts and obligations in preference to claims against individual members of the firm, he can part with, waive or abandon such right, and when he does so the equity of the creditor is at an end. *Ladd* v. *Griswold*, 2 Gilm. 38; *Singer* v. *Carpenter*, 125 Ill. 120.

FLOWER, SMITH & MUSGRAVE, for appellee:

A partner's interest in the firm property may be sold under an execution, and that interest, whatever it may be, will pass by such a sale to the purchaser. But he takes it precisely as it was held by the defendant in the execution. If, on a settlement of the partnership affairs, defendant in execution is entitled to nothing, the purchaser would obtain nothing by his purchase. Such a purchaser would be compelled to settle with the other partner precisely as would the defendant in execution had his interest not been sold. *Chandler* v. *Lincoln*, 52 Ill. 74; *Rainey* v. *Nance*, 54 id. 29; *Richards* v. *Allen*, 117 Pa. St.

199; Murfree on Sheriffs, sec. 545; 2 Bates on Partnership, secs. 1111, 1112; *Clements* v. *Jessup*, 36 N. J. Eq. 569; *Bank* v. *Wilkins*, 9 Me. 28; *Lyndon* v. *Gorham*, 1 Gall. 367; *Rice* v. *Austin*, 17 Mass. 197; *Wilson* v. *Strobach*, 59 Ala. 488; *Talcott* v. *Emmons*, 99 Ind. 452; 1 Freeman on Executions, sec. 199; *Staats* v. *Bristow*, 73 N. Y. 264.

A judgment creditor of one partner cannot, by a levy upon the debtor's interest in the firm property, acquire a lien superior to the rights of the other partners, or of partnership creditors. Such a levy would only operate to give a lien, prior to that of other separate creditors of the individual partners, upon their respective portions of the fund remaining after the payment of firm debts and satisfying the claims of other partners. The buyer at an execution sale cannot acquire a better title than the debtor partner had, and therefore does not acquire an absolute title to the chattels sold nor priority over partnership creditors, but his title is subject to the partnership debts and equities between partners, and he can not be a partner by reason of the *delectus personarum*. In case the partnership is insolvent, or the debtors' and co-partners' equities absorb the debtors' share, the buyer of the interest gets nothing; hence the sheriff is not liable if he allow the effects to be applied to the payment of the partnership creditor, nor even if he release the levy in case of insolvency, but as he does so at his own risk it is unsafe to do so. 2 Bates on Partnership, secs. 1111, 1112.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

In determining the rights of the parties on the question presented in this record we shall proceed upon the theory, not disputed, that all the property conveyed by the chattel mortgages and sought to be reached by the executions was partnership property. Further, that no question is raised as to the validity of the chattel mortgages executed before the confession of judgment, and

under which mortgages the deputy sheriff, as agent of the mortgagees, was in possession of the two stocks of goods at the time of the delivery to the sheriff of this execution. After the satisfaction of the prior three chattel mortgages there remained in the hands of the deputy sheriff $2240. The only question to be determined is whether this should have been applied on the execution of appellants against W. A. Cave, then in the hands of the sheriff, or should have been applied, as it was, upon the chattel mortgages of J. V. Farwell & Co., executed by the insolvent firm after appellants' execution was delivered to the sheriff.

It appears the firms of W. A. Cave & Co. and F. G. Mathison & Co. were insolvent, and their partnership property was not sufficient to satisfy partnership indebtedness. The evidence of one of the members of the firm shows this fact, and the Appellate Court has so found. Appellants object to such fact having been proved in the manner it was, but we see no reason why a member of a mercantile firm may not testify on a direct question put to him whether or not his firm was solvent or insolvent. After the payment of firm indebtedness, therefore, nothing would have remained in this instance to be distributed to the two partners, and therefore they had no interest, individually, in the firm property over and above such partnership indebtedness. It is true, a partner's interest in firm property may be sold under an execution against him individually, and such partnership interest will pass by execution to the purchaser; but such interest, when so acquired by the execution creditor, passes subject to the rights of partnership creditors and to the rights of other partners. Such purchaser would be compelled to settle with the other partners precisely as would the defendant in the execution had not his interest been sold. In this case the sheriff had in his hands $2240, proceeds arising from the sale of firm property, and $72 additional of firm money. He had in his hands two executions against the

members of this firm individually, and also two chattel mortgages given by them as a firm. There can be no question but it was his duty to apply the firm money on the firm indebtedness.

Appellants insist that their execution against W. A. Cave was in fact for firm indebtedness, and that they referred the sheriff to the note in the files in the case wherein their judgment had been rendered, as evidence of this fact. It was not error, however, for the sheriff to be governed by the writ delivered to him, which was against W. A. Cave alone. The partnership being insolvent, Cave's individual interest was worthless, therefore there was nothing of value to levy on, and the plaintiffs could not have been injured by the failure to levy.

In the case of *Chandler* v. *Lincoln*, 52 Ill. 74, it was said (p. 77): "A partner's interest in the firm property may be sold under an execution, and that interest, whatever it may be, will pass by such a sale to the purchaser. But he takes it precisely as it was held by the defendant in the execution. If, on a settlement of the partnership affairs, defendant in execution is entitled to nothing, the purchaser would obtain nothing by his purchase. Such a purchaser would be compelled to settle with the other partner precisely as would the defendant in execution had his interest not been sold."

In *Rainey* v. *Nance*, 54 Ill. 29, this court said (p. 35): "Where the separate property of either partner proves insufficient for the payment of his individual debts, and there is a surplus of the joint property after payment of the firm debts, such separate creditors may resort to the share of the partner thus indebted to them in such surplus. In this case, then, the firm property must be applied in the discharge of the firm indebtedness before it can be applied to pay the debts of the individual members of the firm."

The case of *Richards* v. *Allen*, 117 Pa. St. 199, was one where a constable levied executions against the individ-

ual members of the firm upon firm property. Before the sale the sheriff levied an execution upon the firm property issued on a judgment against the firm. It was held the sale under the constable's writ only passed the interest of the individuals of the firm and the sale under the sheriff's writ passed the firm property, and the vendees under the constable's sale would only be entitled to relief after the satisfaction of the execution levied by the sheriff.

In Murfree on Sheriffs (sec. 545) it is said: "It sometimes happens that sheriffs fall into error in the execution of final process against an individual member of a partnership. The rule is, that he cannot levy upon any specific article of partnership property and segregate that as the property of the defendant partner, but must levy upon the partner's interest in the whole stock. The only interest he has in the property is in the surplus after the partnership debts are paid and the accounts between the partners have been adjusted."

In Bates on Partnership (secs. 1111, 1112,) it is said: "The buyer at an execution sale cannot acquire a better title than the debtor partner had, and therefore does not acquire an absolute title to the chattels sold nor priority over partnership creditors, but his title is subject to the partnership debts and equities between partners, and he cannot be a partner by reason of the *delectus personarum*. He becomes a claimant, in common with the co-partners, for a share of the surplus. It follows, that in case the partnership is insolvent, or the debtors' and co-partners' equities absorb the debtors' share, the buyer of the interest gets nothing; hence the sheriff is not liable if he allows the effects to be applied to the payment of the partnership creditor, nor even if he release the levy in case of insolvency, but as he does so at his own risk it is a very unsafe practice."

In *Clements* v. *Jessup*, 36 N. J. Eq. 569, which was a controversy between Clements, a creditor of the firm holding a chattel mortgage executed by both parties for

a firm debt, and Jessup, a purchaser at a sale under a judgment against one of the individual members of the firm, but which judgment was prior to the chattel mortgage in point of time, the court said: "The interest of a partner in partnership property is only his share on a division of the surplus after the payment of partnership debts, and partnership property must be applied first to the payment of firm debts. A purchaser directly from a partner of his interest in the firm property acquires no title in partnership property, except the vendor's share in the surplus after an accounting and adjustment of the partnership affairs. A sheriff having process of execution or attachment against one partner may seize and sell the latter's interest in partnership property, but a sale under such process will convey only the interest of the partner in partnership property after the firm debts are paid and the affairs of the partnership are settled up." And as it appeared in that case that in the end the property would be required to pay the debts of the firm, the creditor of the individual member, although prior in point of time, was held to take nothing.

*Commercial Bank* v. *Wilkins*, 9 Me. 28, was an action of case against the sheriff for default in releasing certain personal property attached by him under an execution in favor of the plaintiff. It was held that the mere insolvency of a co-partnership is sufficient to defeat an attachment made by a creditor of one member of the firm, although the partnership creditors have commenced no action for the recovery of their debts; that where an officer had attached partnership effects in a suit against one of the partners, and afterwards, with the consent of the firm, suffered the effects to be applied to pay a partnership debt due to a stranger, he was not responsible to the first attaching creditor in an action for not having seized the goods on execution.

From a review of the foregoing decisions it seems to have been considered a circumstance of no importance

whether the creditors of the firm, where it was insolvent, had recovered judgment and were enforcing the collection of their demands or had ever commenced actions for the purpose, or if they had, in what stage these actions were at the time of the decisions, and in several of them the claim of a creditor of one or more individual members of the firm was resisted and disallowed because it did not appear whether the firm was solvent or not.

In the case of *Lyndon* v. *Gorham*, 1 Gall. 367, it was said: "If, upon the whole, it appears that the judgment debtor had only a nominal interest, I don't think that a greater interest can be conveyed under an execution, and, if the partnership be insolvent, that any interest can be conveyed."

In *Rice* v. *Austin*, 17 Mass. 197, it appeared that the defendant, as sheriff, had attached certain timber which he contended was the property of one Lindsay, and not of the plaintiff, but if not wholly Lindsay's, still he contended that it belonged to the plaintiff and Lindsay, as co-partners. The court said: "It does not follow, necessarily, that a creditor of Lindsay might lawfully take partnership property. That must depend upon the solvency of the company, and upon the question whether any surplus remained for the separate partners after the payment of his debts to the company and the debts of the company to the world."

The case of *Wilson* v. *Strobach*, 59 Ala. 488, was a motion against the sheriff for judgment for failure to make certain money on an execution in his hands. The execution was against one member of the firm, and the complaint was made that the firm property was not levied on. The court said: "The interest of a partner may be sold to pay his individual indebtedness. It is well established in this State that the separate creditor of one partner may take, on execution, that partner's interest in the tangible property of the partnership, but the purchaser at the sheriff's sale cannot take into his exclusive

possession the property which still remains subject to the debts of the partnership. The levy upon a partner's interest in an insolvent partnership may be released. A sheriff who has levied on the interest of one partner on a suit of his separate or individual creditor, may release the levy when the partnership is insolvent and the sale of the partner's interest would have been unproductive of anything to satisfy the execution. On motion against the sheriff he may prove the insolvency of the partnership. On a motion against the sheriff for his failure to collect the money due on the judgment it is competent for him to prove the insolvency of the partnership."

From these authorities, and on principle, it appears that an officer having executions against an insolvent partnership, and also against individual members of the firm, is required to make application of the proceeds of firm property to the payment of the executions against the firm, even though such executions are junior to those against the individual members of the firm. The officer, acting as agent of a mortgagee having a chattel mortgage for collection against a firm, may, when an execution against an individual member of the firm comes to his hands, apply the same principle without being liable for a false return. It is apparent, therefore, that Cave, the defendant in the execution, had no property subject to the lien of this execution, for the only interest an individual has in firm property is the surplus after the partnership debts are paid and the accounts between the partners have been adjusted.

The propositions of law asked by appellants and refused by the court, involving the questions of law discussed in this opinion, were properly refused by the trial court.

The judgment of the Appellate Court for the First District is affirmed.        *Judgment affirmed.*