# The People of the State of Illinois for use of Beauregard F. Moseley, Appellee, v. Anton J. Cermak and United States Fidelity & Guaranty Company, Appellants.

## Gen. No. 25,123.

1. PARTNERSHIP, § 202*—*when bailiff not required to go back of execution against partners.* The rule that creditors of a firm have a prior claim as against partnership assets, which takes precedence over any levy made by an individual creditor upon the interest of one copartner, had no application as between a judgment against D and C and one against C alone; and the bailiff was not required to go back of the execution describing C and D as individuals, nor was he required to take notice of anything not contained therein, nor to refer to the files to ascertain whether or not the judgment against the two ran against a partnership.

2. EXECUTION, § 118*—*what is effect of order restraining levy.* Where two executions were placed in the hands of the bailiff with directions to levy, and an order was entered restraining the bailiff from levying on one of such executions, such order was an insuperable objection preventing the bailiff from selling under the levy covered by such order, and so long as the order was in force the effect was not detracted from, because of the claim of improper issuance.

3. EXECUTION, § 93*—*when bailiff required to release levy.* Under the rule that an execution is the process of the plaintiff and he has the right to control it, the bailiff was bound to follow the instructions of the assignee of the judgment in question to release the levy and turn over the property to the receiver in bankruptcy of the judgment debtor; and the bailiff could not be held liable for any loss sustained by reason of his following such instructions.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1919. Reversed with finding of fact. Opinion filed October 27, 1919.

OTTO C. RENTNER, for appellants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

LYLE, HARROLD, HOOVER & DEVITT, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff, Mosely, brought suit for damages alleged to have been incurred by the failure of Anton J. Cermak, one of the defendants, as bailiff of the Municipal Court, to perform his official duties. Upon trial a jury assessed the damages against the defendants in the sum of $1,395, and judgment was entered thereon. Defendants have appealed.

Moseley was the assignee of a judgment obtained by George Enconomous for the sum of $1,382 against Louis Demas and Nick Calliganes, trading as Louis Demas Company. On August 25, 1915, an execution was delivered to Cermak on a certain other judgment against Nick Calliganes. Later on the same day Moseley delivered to Cermak an execution on his judgment. This judgment simply ran against Louis Demas and Nick Calliganes as individuals, no other description of them appearing in the execution. At the time the Moseley execution was delivered a levy had already been made on the first execution, and Moseley demanded that the bailiff also levy his execution against the same property. There was nothing either on the face of this execution or in the written instructions given to the bailiff by Moseley to show that his execution was against a partnership or that it was for a partnership debt. However, Moseley's execution was levied against the same property on the same day, and the sale under both writs set for September 13, 1915. On September 7 a bill to enjoin the collection of Moseley's execution was filed in the Circuit Court of Cook county, and on the same day an injunction was issued restraining Cermak from proceeding in any manner under Moseley's execution, or under any other execution issued upon said judgment. This injunction remained in force and was not dissolved

until December 1, 1916. On September 8, 1915, which was 5 days before the date set for the sale, Moseley, with two other creditors, filed a sworn petition in the United States District Court, praying that Louis Demas and Nick Calliganes, the parties against whom · Moseley's execution ran, be adjudged bankrupts, and on September 11 he filed another sworn petition in the District Court asking for the appointment of a receiver of all of said property levied on by Cermak under said executions, with power to take charge of, advertise and sell the same. Upon this application Frank M. McKey was appointed receiver, and qualified. On September 13 the bailiff, through his deputy, went to the premises where the property was located and sold it under the first execution, which was against Nick Calliganes individually, and which was not subject to the injunction order of the Circuit Court. Moseley was present and requested the deputy to retain his custodian in possession until the receiver, McKey, could come and take possession of the property pursuant to the order of the District Court secured by 'Moseley. This was agreed to by all parties present. On the next day, September 14, in accordance with this agreement, McKey took possession of the property, and retained possession of the same as receiver until December 1, 1915, when under an order of the District Court he was discharged as receiver, but was ordered to retain the property as trustee of the estate of Calliganes, who had in the meantime filed a voluntary petition in bankruptcy and was adjudged a bankrupt. The property was later sold by McKey as such trustee under an order of the court and turned over to the respective purchasers.

Plaintiff claimed that Cermak committed a breach of his bailiff's bond in failing to give precedence on August 25 to the Moseley execution, thus violating the rule that creditors of a firm have a prior claim as against partnership assets, which takes precedence

over any levy made by an individual creditor upon the interest of one copartner. That this is the rule is not controverted, but defendants say that the bailiff had no notice that the judgment was against a co-partnership, and that the execution runs against Demas and Calliganes as individuals. It has been held that a sheriff is not required to go back of the execution, and need not take cognizance of anything not contained therein, nor is he obliged to refer to the files to ascertain whether or not a judgment runs against a partnership. *Swan v. Gilbert,* 175 Ill. 204. Furthermore, the indemnifying bond, prepared and presented to the bailiff by Moseley, refers to and describes the judgment as against the parties as individuals only. Under such circumstances, the rule invoked by plaintiff does not apply, and there was no failure on the part of the bailiff in regard to the order of levies.

An insuperable obstacle preventing the bailiff from selling under the Moseley levy was the restraining injunctional order of the Circuit Court. It will not detract from its effect upon an officer of the court so long as it was in force, to say that it was improperly issued. As we have seen, this restraining order continued in force and was not dissolved until some time after these transactions had terminated, and obedience to this order cannot be considered as a breach of the bailiff's official duties.

Plaintiff complains of the action of the bailiff in releasing the levy and turning over the property to the receiver, McKey. As above narrated, this was done on the express orders of Moseley and by agreement of all parties concerned. Execution is the process of the plaintiff and he has the right to control it, and the bailiff was bound to follow the instructions of Moseley with reference to the writ, and cannot be held liable for any loss sustained by reason of his following such instructions. *Morgan v. People,* 59

Ill. 58. Other cases stating this rule are *Farnham v. Gilman,* 24 Me. 250; *Robertson v. Coker,* 11 Ala. 466; *Robinson v. Harrison,* 26 Tenn. 190.

It is a fair inference that after the bailiff was restrained from proceeding with the execution, Moseley thought it better for his interests to have the entire matter, including the possession of the property, transferred to the District Court, and the receiver took possession of the property as part of his plan. It does not lie now with Moseley to say that the action of the bailiff in complying with his directions to turn over the property to this receiver was such a breach of duty as would entitle him to recover damages. The release of the levy was at Moseley's instance and orders, and of this he cannot now complain.

The verdict and judgment are not supported by the evidence, and the judgment will be reversed with a finding of fact.

*Reversed with finding of fact.*

Finding of Fact. The court finds as a fact that the defendant Anton J. Cermak did not fail in regard to his official bond by refusing to levy Moseley's execution, or in falsely returning said execution of August 25, 1915, no property found, as alleged in plaintiff's declaration; and did not breach his official bond in levying and, without authority from Moseley, releasing said levy and returning said execution no property found, as alleged in plaintiff's declaration.