414

The First National Bank of Charleston, Illinois, Plaintiff in Error, v. John M. White et al., Defendants in Error.

Gen. No. 8,625.

Heard in this court at the April term, 1932. Opinion filed October 17, 1932. Rehearing denied, opinion modified, refiled and adhered to January 3, 1933.

A. C. & BEN F. ANDERSON, for plaintiff in error.

BRYAN H. TIVNEN, for defendants in error; THOMAS R. FIGENBAUM and CARUS S. ICENOGLE, of counsel.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is a petition or bill of complaint brought by plaintiff in error against appellees, in pursuance of the provisions of sections 27 to 31 of The Uniform Partnership Act, passed in 1917. Cahill's St. ch. 106a, ¶¶ 27–31. John M. White and Fred White were copartners, in Coles county, doing business under the name of The White Heating and Plumbing Company, and on July 21, 1930, plaintiff in error caused a judgment by confession to be entered in the Coles county circuit court, for the sum of $16,962.36, against the said John M. White, and an execution thereon to be placed in the hands of the sheriff of Coles county, on the same day. On July 23, 1930, plaintiff in error filed its petition or bill of complaint, in pursuance of the provisions of section 28 of said Uniform Partnership Act, averring that on July 21, 1930, it recovered a judgment against John M. White in the circuit court of Coles county, Illinois, for $16,962.36 with costs; that an execution was issued and delivered to the sheriff of Coles county on that date; that White has no property subject to execution; that the original bill was filed July 24, and is *lis pendens,* in fact, was filed July 23, 1930; that at the time the judgment was rendered, John M. White and Fred White were copartners, under the name of White Heating and Plumbing Company, and had a large stock of merchandise and accounts receivable amounting to $21,000; that after an adjustment of the equities between the partners and payment of debts there will be several thousand dollars left as the interest of John M. White in the partnership; that under the Uniform Partnership Act no levy can be made on the interest of John M. White in the partnership, and that this action is the only remedy in the premises; makes John and Fred White, individually and as copartners, defendants, waives answer under oath, prays that the court decree that the partnership existed, on a hearing, and cause an account to be taken with respect to what interest John

M. White has in the partnership, and that a receiver be appointed if necessary and proper; that the court decree that the interest of John M. White be charged with the lien of the judgment as the same may be found on an accounting to be taken, and decree that the interest, if not redeemed, be sold, and the proceeds be applied on said judgment as provided in the Uniform Partnership Act.

Defendants, John M. White and Fred White, answered the petition or bill, generally denying all the material allegations in the petition, but specifically stating that when this bill or petition was filed Fred White and John M. White were not partners and denied the relief sought.

Proofs were submitted by which all of the allegations of the petition or bill were established, except the proofs showed that on July 22, 1930, after the execution had been placed in the sheriff's hands, John M. White and Fred White had entered into a contract for the consideration of $1, by which John M. White had conveyed to his brother Fred White, all of his, John M. White's, interest in the partnership, and that the copartnership had been, on July 22, 1930, dissolved.

The court dismissed the petition or bill for want of equity, and plaintiff in error has brought the record to this court by writ of error.

The only question in this case, argued or discussed is: Did defendants in error have a right to dissolve the partnership after the execution was placed in the sheriff's hands and before the bill or petition, under section 28, cited, was presented to the court?

The provisions of the statute having a bearing upon this case are sections 27 to 31 of the Uniform Partnership Act, Cahill's St. ch. 106a, ¶¶ 27–31, and are as follows:

"27. (1) A conveyance by a partner of his interest in the partnership does not of itself dissolve

the partnership, nor, as against the other partners in the absence of agreement, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs, or to require any information or account of partnership transactions, or to inspect the partnership books; but it merely entitles the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled.

"(2) In case of a dissolution of the partnership, the assignee is entitled to receive his assignor's interest and may require an account from the date only of the last account agreed to by all the partners.

"28. (1) On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require.

"(2) The interest charge may be redeemed at any time before foreclosure, or in case of a sale being directed by the court may be purchased without thereby causing a dissolution:

"(a) With separate property, by any one or more of the partners, or

"(b) With partnership property, by any one or more of the partners with the consent of all the partners whose interests are not so charged or sold.

"(3) Nothing in this Act shall be held to deprive a partner of his right, if any, under the exemption laws, as regards his interest in the partnership.

"29. The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business.

"30. On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed.

"31. Dissolution is caused:

"(1) Without violation of the agreement between the partners,

"(a) By the termination of the definite term or particular undertaking specified in the agreement,

"(b) By the express will of any partner when no definite term or particular undertaking is specified,

"(c) By the express will of all the partners who have not assigned their interests or suffered them to be charged for their separate debts, either before or after the termination of any specified term or particular undertaking."

Under the law as it existed prior to the passage of this act, a creditor having a judgment and execution against an individual member of a partnership could levy his execution against the individual interest of the judgment debtor in the partnership estate and sell such interest, but the purchaser could not, in any manner, interfere with the partnership property until there had been an accounting of the partnership, the partnership debts first were paid and until the partnership affairs were settled and it was determined what the interest of the judgment debtor, as a partner, was. (*Rainey v. Nance,* 54 Ill. 29; *Chandler v. Lincoln,* 52 Ill. 74; *Sindelare v. Walker,* 137 Ill. 43, 45; *Swan v. Gilbert,* 175 Ill. 204, 211; *People v. Zangain,* 301 Ill. 299, 304.)

In *Chandler v. Lincoln, supra,* the court held: "The interest of one partner in the partnership property may be sold under execution against him for his individual debt, and that interest, whatever it may be,

will pass to the purchaser, to be held, however, subject to all the rights of the other partner, so that if, upon a settlement of the partnership affairs, the debtor partner would have been entitled to nothing had no sale taken place, then the purchaser will take nothing by his purchase.''

In *Swan v. Gilbert, supra,* the court held: "In Bates on Partnership (secs. 1111, 1112,) it is said: 'The buyer at an execution sale cannot acquire a better title than the debtor partner had, and therefore does not acquire an absolute title to the chattels sold nor priority over partnership creditors, but his title is subject to the partnership debts and equities between partners, and he cannot be a partner by reason of the *delectus personarum.* He becomes a claimant, in common with the co-partners, for a share of the surplus. It follows, that in case the partnership is insolvent, or the debtors' and co-partners' equities absorb the debtors' share, the buyer of the interest gets nothing; hence the sheriff is not liable if he allows the effects to be applied to the payment of the partnership creditor, nor even if he release the levy in case of insolvency, but as he does so at his own risk it is a very unsafe practice.' ''

And we see, under the former law, the sheriff could levy upon the partnership interest, but it was very uncertain when, if ever, that interest could be determined. Under the former law, the execution when placed in the sheriff's hands, becomes a lien against the goods and chattels, lands and tenements of every person against whom any judgment has been or shall be hereafter obtained, in any court of record (sections 9 and 10, chapter 77 of the Revised Statutes, Cahill's St. ch. 77, ¶¶ 9, 10) and these sections of the statutes have been in no way abrogated or interfered with by the Uniform Partnership Act, Cahill's St. ch. 106a.

Subsection c of section 25 of that act provides: "A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership." This means only that the specific partnership property cannot be taken and seized upon attachment or execution. This construction is strongly accentuated by the provisions of subsection c of section 31 cited, *supra*: "Dissolution (of a partnership) is caused . . . by the express will of all the partners who have not assigned their interests or *suffered them to be charged for their separate debts, either before or after the termination of any specified term or particular undertaking.*"

We construe this to mean that when any partner has suffered his interest to become charged for his separate debts by the entry of judgment and the placing of an execution in the sheriff's hands, he has no right to have a voice or vote in the dissolution of the partnership, but under other sections of the act the partnership is continued and the judgment debtor's interest in the partnership remains intact, subject to the provisions of section 28 as herein recited, and section 30 expressly that "on dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed." It is the opinion of this court that the reasonable construction of the act is that one suffers his interest to be charged for his separate debts when he permits a judgment to be taken against him and execution to be placed in the sheriff's hands. The interest of the separate partner, under section 26 of the act, is personal property, and the provisions of section 28 of the act merely take the place of the levy and sale, as pursued under the former act. It follows that the contract entered into between John M. White and Fred White, defendants in error, of July 22, 1930, may have, by the expressed will of Fred White, dissolved the partnership; it did not release the

interest of John M. White from the lien of said execution or pass any interest of John M. White in said partnership to Fred White, except as it may have passed, subject to the payment of said judgment debt.

The decree of the circuit court of Coles county is, therefore, reversed and the cause remanded, with directions to make a full accounting of the interest of John M. White in said partnership, under the statutes as cited, in accordance with the views expressed in this opinion.

*Reversed and remanded with directions.*

On petition for rehearing it is only necessary to say that defendants in error tried one case in the circuit court and sought to raise another issue upon review. The bill alleged a partnership and prayed an accounting. The answer denied the judgment, denied that any execution was issued, denied the defendants in error were partners, denied the operation of the Uniform Partnership Act and stated that when the bill was filed Fred White and John M. White were not copartners. Plaintiff in error fully established its bill and was entitled to an accounting. Upon the proofs, counsel for defendants in error stated: "There is no question but that the partnership existed July 22nd (1930), but that has nothing to do with it." The witness John M. White testified: "I was a partner up to the contract, but all my stuff was used up. In fact I was a partner. I wrote the letter, complainant's Exhibit 4. Yes, I was a partner until Fred and I made this agreement, and we made it to dissolve the partnership. Wanted rid of the thing. This agreement was made after judgment was taken, I believe July 22nd."

The Whites were asked on the witness stand if they would bring in their books. In the examination of the same witness the following took place:

Q. "Now let us see the Charleston state of the account, before you made the agreement, I want to see the audit.

"Mr. Tivnan: Tell me something else you want to see with reference to these books.

"Mr. Anderson: I want to see the state of their mutual accounts, to see if there is anything due John White.

"Mr. Tivnan: I can show you the individual accounts of each. The only thing about the accounts is, that the accounts would show these conditions, or things, you are showing orally, and would involve going through several years of work."

Mr. Anderson suggested case might go to master. The court so remarked.

"Mr. Tivnan: But there is no partnership.

"Mr. Anderson: I think we still have a partnership notwithstanding the agreement.

"The Court: This is the only issue before the Court, whether the partnership exists."

Mr. Tivnan says he does not care to cross-examine, and immediately thereafter the record shows: "Upon a hearing the bill is dismissed for want of equity."

The court refused to require an accounting but held that because the contract dissolving the partnership was entered into on July 22, 1930, before the bill was filed, plaintiff in error stated no equity in its bill, the execution having been issued on July 21, 1930. Nevertheless, counsel for the defendants in error in the petition for rehearing state: "But, a most careful study of the opinion filed in this cause impels us to the conclusion that vital and controlling facts have been overlooked or misapprehended by the court, and that the law announced in the opinion, though accurate, is not decisive upon the facts and leaves us without any decision upon the facts."

It is true there never can be a decision upon the facts until there is an accounting, a full accounting of the partnership, which the court refused to permit upon the.insistence of counsel. It is true that John M. White

testified he had drawn out all of his interest in the partnership, but he produced no books and the court refused to compel a production of the books, but held that the contract having been entered into before the filing of the bill, there was no equity in the bill.

Objection is made to the language in the opinion as follows: "That the contract of July 22, 1930, may have dissolved the partnership, but did not release the interest of John M. White from the lien of said execution."

This conclusion *may* or *might* be true under clause b of par. 1 of section 31 of the act: "Dissolution is caused: . . . b. By the express will of any partner when no definite term or particular undertaking is specified."

It would not follow, however, that the rights of a judgment creditor *theretofore attached* would be abrogated, whether the personnel of the partnership had been dissolved or not. The rights of the copartner would nevertheless always remain subject to the satisfaction of the judgment, until such rights were determined and such satisfaction made. This would not compel two or more persons to remain in partnership until every possible judgment and execution, great or small, had been satisfied and disposed of.

The only question in this cause is whether the rights of the judgment creditor attach by virtue of the judgment and execution, or whether such rights in the property are wholly dependent upon filing a bill. The Uniform Partnership Act, in the view of this court, has merely done away with the "levy and sale" upon execution and provided a remedy by a receivership.

Plaintiff in error established ample ground for an accounting, but did not get an accounting.

The former opinion is modified by the foregoing and adhered to.