McFarlan v. McClellan.

## Biggers McFarlan
v.
## Miller McClellan, Adm'r.

1. Replevin—Plea of property in defendant—Evidence.—Under a plea of property in defendant, the defendant has a right to show by what means he came into possession of the property, and his title thereto.

2. Burden of proof.—In replevin, where the defendant pleads property in himself, the burden of proof is upon the plaintiff to show his title to the property, or his right to the possession.

APPEAL from the Circuit Court of Hardin county; the Hon. JOHN DOUGHERTY, Judge, presiding.

Mr. W. S. MORRIS, for appellant; that a landlord may enforce his lien against a sub-tenant, cited Rev. Stat. 1874, 661, § 32.

The sub-tenant having knowledge of the mortgage is estopped to deny the lien of his landlord: 2 Indiana Dig. 331; Blackmore v. Sabers, 22 Ind. 466.

On forfeiture of condition in the mortgage, the legal title vests in the mortgagee and becomes complete on his obtaining possession: Constant v. Matteson, 22 Ill. 546; Funk v. Staats, 24 Ill. 644.

Under the plea of property in defendant, the burden of proof is upon plaintiff to show his title or right to possession: 2 Greenleaf's Ev. § 561; Johnson v. Neal, 6 Allen, 227.

ALLEN, J. This was an action of replevin brought before a Justice of the Peace of Hardin County. Was tried and appealed to the Circuit Court, and at the April term for 1878 it was tried by a jury. A verdict for appellee for the property replevied. A motion for new trial overruled, and judgment for appellee for property replevied and cost. Appeal prayed and case brought to this court. The controversy is over the ownership of about 200 bushels of corn claimed by appellee as administrator of Roe Caldwell, deceased, raised by Caldwell on the land of appellant as sub-lessee of Albert Elliott, who held the premises under a lease from appellant. Appellee was administrator.

Appellant was sworn as a witness, and testified that he bought the corn after the death of Caldwell, and paid for it. The court refused to let appellant testify from whom he bought the corn in question, when he bought it, who had possession when he bought, who delivered the corn to him, at what time it was delivered, or what he paid for it.

Appellant then offered to prove that after Roe Caldwell's death he took possession of the corn in question by virtue of a chattel mortgage, dated April 7th 1876, and recorded in accordance with the requirements of the statute, executed by

one Albert Elliott to appellant and one Kirkham, and the court refused to permit the evidence to go to the jury. The original mortgage was then offered in evidence, showing that all the crops grown upon the land of appellant was embraced in the mortgage. But the court refused to let the mortgage be read to the jury. Appellant then offered to prove that he took possession of the corn on the 1st day of March, 1877, but the court refused to let the jury hear the proof.

The appellant then offered to prove that Roe Caldwell was a tenant of Albert Elliott, and that when he took possession of the premises and raised the corn in question, he had notice of appellant's mortgage on the crops grown on the land leased by Elliott from appellant, but the court refused to let the evidence go to the jury.

The court refused the following instruction asked for by appellant:

No. 2. " The jury are instructed that under the plea of property in the defendant, the plaintiff before he can recover must show by a preponderance of testimony that the property in question belongs to him, and under such plea of property, the defendant may show any legal title to the property, no matter how derived." *Per curiam.* " Refused. Under this plea the *onus* is on the defendant."

The jury returned a verdict for plaintiff, and the court overruled a motion for a new trial and rendered judgment on the verdict. An appeal was prayed and allowed to this court.

Among the errors assigned are, that the court refused to permit proper evidence to go to the jury, and that the court refused to give proper instructions for defendant.

Appellant's plea was property in himself, and it will appear at a glance, that it was error to refuse evidence to show when appellant came into possession of the corn, and how he came into possession, or whether by purchase from some one having a right to sell it. For aught that appears in this record, he might have purchased from the administrator himself, or from some one who had purchased it from Roe Caldwell before his death; or he might, for aught that appears, have had some lien upon it for rent or debt that would authorize him to take

possession, but by the ruling of the court he was estopped from all explanation as to the foundation of his claim to the property or its possession.

Again, the court refused an instruction that "when a defendant pleads property in himself," the plaintiff must show, by "a preponderance of the evidence," that the property in question belongs to plaintiff, etc.

The rule is as stated in the instruction. When a defendant pleads property in himself, the *onus* is on the plaintiff of proving his title to the property or his right to the possession. Greenleaf on Evidence, 2 Vol. §§ 499, 500 and 561.

Several other errors are assigned, some of which are worthy of consideration, but these are so manifest that we content ourselves with these reasons for reversing the judgment of the Circuit Court and remanding the cause.

Reversed and remanded.