## JAMES C. WARE

### v.

## LAZARUS HIRSCH.

1. SALE TO CREDITORS.—A debtor, becoming embarrassed, sold his entire stock of goods to certain of his creditors, and gave them a bill of sale, and the creditors, by a written appointment, authorized appellee, a creditor, to conduct the business.   Possession of the store was given to appellee, who opened a new set of books, took down the debtor's sign but did not put up another, employed the former clerks, paid the rent, etc.   Replevin was brought by a creditor not participating in this arrangement, and this suit is for damages for the goods seized by the sheriff under such writ.   No question was made as to the good faith of the sale, but the question at issue whether the sale by the debtor was followed by such a transfer of possession as to vest the title to the property in the appellee, is decided in favor of appellee.

2. DAMAGES.—Appellee would be entitled to recover full damages for the goods seized.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.   Opinion filed February 25, 1886.

Mr. Thos. J. Smith, for appellant.

Mr. J. L. Ray, for appellee.

Wall, P. J. The appellee brought an action of trespass, *de bonis asportatis*, against the appellant, and upon a trial by the court without a jury, recovered a judgment for $430, from which an appeal is prosecuted to this court. It appears that one J. W. Jefferson, a resident of Indiana, was the owner of a stock of general merchandise at Ludlow, in Champaign county, which was conducted in his name by his clerks.

Becoming embarrassed he sold the entire stock of goods to certain of his creditors, eight in number, and gave them a bill of sale, whereupon these creditors, by a written appointment, authorized the appellee, who was also a creditor, to take possession of the store, employ clerks, purchase necessary goods to be added to the stock, pay bills and expenses, and divide the proceeds *pro rata* according to the amount invested by each, making reports when required and subject to removal, etc. The possession was given by Jefferson to appellee on the following day.

Appellee retained the former clerks, opened a new set of books, and thereafter conducted the business in pursuance of the authority so conferred.

A firm of creditors who did not participate in this arrangement sued out a writ of replevin against Jefferson, to recover the possession of certain goods previously sold to Jefferson and by him placed in the store, and which were a part of the stock so sold to the other creditors and taken in possession by appellee. This writ of replevin at the suit of said creditor and against said Jefferson was placed in the hands of appellant, who was sheriff, and by him, through a deputy, executed by taking the goods out of the store and delivering to the plaintiff in replevin. The present action is to recover damages for seizing the goods of the appellee under said writ.

The most important question in the case is whether the sale by Jefferson was followed by such a transfer of possession as to vest the title to the property in the appellee.

It is very earnestly contended by counsel there was no such change of possession. We have read all the evidence from the record, and are satisfied with the conclusion reached by the circuit court. There seems to be no question as to the *bona fides* of the transaction. That is not attacked.

The transfer was evidently not a sham to cover up the property, nor for any other illegal purpose. As to the facts relied upon to prove possession, there is no conflict in the testimony. Appellee, accompanied by Jefferson, went to Ludlow, inspected the stock, verified the invoice, received the key, was formally put in possession, employed the clerks formerly there, opened a new set of books, paid the rent to the owner of the building thereafter, ordered new goods, had them sent there in his name, paid for them, and conducted the business generally as would have been expected under the circumstances of one who did not live in the town. There had previously been a sign in the name of Jefferson, but it was not up when this transfer was made, nor afterward. The appellee ordered a new sign, which was not finished when these goods were replevied. Conceding the sale was fair, as we must—it seems there can be no reasonable question—the possession was sufficiently changed to vest a perfect title in the appellee.

It does not occur to us that he was required to do anything more. It may be that a casual observer would not be aware of any change in the situation, but it is not easy to see what else there was to do except to put up a sign, or, perhaps, advertise in some way. These acts could not have been performed immediately, and we do not understand that they were essential, nor was it necessary that the goods should have been removed to another building.

If it were a disputed question whether the sale was in good faith and whether the transfer was merely colorable, these facts relating to the change of possession might be more narrowly viewed, and possibly another conclusion might have been reached as to the legal effect of the entire transaction; but assuming that all was honest, we feel constrained to say it was legally sufficient. It does not appear upon what ground the vendor could maintain replevin, as it is not shown there

was anything to justify him in rescinding the sale and resuming possession of the goods.

It is urged that appellee was not entitled to recover full damages, and that in any event he could only recover according to the interest he had in the goods.

He was in actual possession and had a special ownership—a qualified property—in the goods. He was accountable for the entire stock, and could maintain any appropriate action, such as trover, replevin or trespass, to protect himself in such possession. 1 Chitty, Pleading, 151, 152, 168 and 170; 6 Wait's Actions and Defenses, 101–105; 1 Hilliard on Torts, Ch. 18; Miller v. Kirby, 74 Ill. 242.

A judgment in his favor for damages in full would bar another action in that behalf. Freeman on Judgments, Sec. 166. The authorities cited by the appellant do not, as we understand them, sustain the position for which they are quoted.

It is objected, also, that there was a variance between the declaration and the proof—the latter showing only a qualified interest in the property, while the declaration averred generally that the goods were "of the plaintiff." The ownership was laid properly and the averment was good, the facts being stated according to their legal effect. 1 Chitty on Pleading, 380 (marg. page). But if there had been anything in the objection it should have been made in the trial court.

The judgment is affirmed.

Affirmed.