## M. N. McCartney v. Wm. H. Kraper.

1. POSSESSION—*As Against Execution Creditors.*—Where a vendee is in the substantial, exclusive possession of the property, such possession is sufficient under the sale, as proved in this case, to vest title in him as against execution creditors.

2. EVIDENCE—*Statements of a Vendor After Sale.*—Statements of a vendor, after the sale of personal property, are not proper testimony upon a trial between the purchaser and a judgment creditor of such vendor, involving the title of such property.

**Rights of Property.**—Trial in the Circuit Court of Pulaski County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Finding and judgment for defendant; appeal by plaintiff. Heard in this court at the February term, 1899. Reversed and remanded. Opinion filed September 5, 1899.

**Statement.**—This was a trial of the rights of property, upon an appeal, before the judge, a jury being waived.

The evidence is not conflicting, the important question being, whether appellant took such possession of the property as to give him title against an execution creditor of his vendors.

Chas. D. and Ira B. Huckleberry were doing a retail business in stationery, confectionery, etc., in Mound City. On October 2, 1897, they executed a bill of sale of their stock and store fixtures to appellant, delivering the bill of sale and the key of the store to his wife, as his agent, and receiving from her $329 as the purchase price. The key and the bill of sale she delivered to her husband. Wm. T. Freeze, who drew the bill of sale, was requested by the wife of appellant to look after the property until he heard from her husband, and on the day after the sale he received instructions from appellant to look after the property until his school closed

McCartney v. Kraper.

and he could make some disposition of it. (This Freeze testifies he did.) Appellant was at this time teaching school in Vienna, some distance from Mound City.

Appellant took out a policy of insurance on the property and rented the building in which it was stored. The Huckleberrys testified that after the sale they had nothing whatever to do with the property, had no possession of it, were not in the building, and had no key to the building. They are brothers-in-law of appellant. There is no evidence that the amount paid was inadequate, nor that appellant or his wife had knowledge that the vendors were indebted to any one.

On February 25, 1898, a constable, by virtue of an execution issued January 24, 1898, against the Huckleberrys, broke open the store door and levied on the property, to satisfy a judgment recovered October 12, 1897. The constable was notified by the defendants in execution that the property did not belong to them. The property levied upon, as described in the execution, consisted of two large mirrors, five counters, three wooden-rimmed show cases, one silver-mounted double show case, one glass-topped clock, one Hall's iron safe, one office desk, one office chair and the stock of goods. It appears also in evidence that there was a writ of restitution of the building in favor of the Illinois 'Central Railroad Company, but against whom does not appear. Under this writ a deputy sheriff closed the building on September 24, 1897. Subsequent and before the sale to appellant, the Huckleberrys, how or by what right does not appear, were again in their store, and were in possession of the property at the time of its sale to appellant. From the time of the sale until the levy of the execution no one is shown to have been in the store.

THOS. H. SHERIDAN, attorney for appellant.

When goods and chattels are of a cumbrous or ponderous character, and do not admit of an actual, complete and immediate delivery, the law recognizes and allows a symbolical delivery as being a sufficient transfer and delivery, and the

delivery of the key to a store or building in which the property is, is construed clearly expressive of a symbolical delivery which will pass the possession, where such is the intent of the parties. Kellogg Newspaper Co. v. Peterson, 162 Ill. 158; Fellenstein v. Stein, 157 Ill. 19; Hart v. Wing, 44 Ill. 141; Logsdon v. Spivey, 54 Ill. 104; Tickner v. Mc-Clelland; 84 Ill. 471; Wilkes v. Farris, 5 Johns. 335; Packard v. Dunsmore, 11 Cush. 282.

Before a sale of property can be set aside upon the ground of fraud, and that such sale was for the purpose of hindering and delaying creditors of the vendor, it must be shown that both the vendor and purchaser participated in such fraud. Hanchett v. Kimbark, 118 Ill. 126; Herkelrath v. Stookey, 63 Ill. 486; Miller v. Kirby, 74 Ill. 242; Hatch v. Jorden, 74 Ill. 414; Gridley v. Bingham, 51 Ill. 153; Ewing v. Runkle, 20 Ill. 448.

Insolvency is never presumed, but must be proved, and even when shown to exist is not presumed to continue, but, as in sickness, the patient is presumed to recover from the condition. Bledsoe v. Graves, 4 Scam. 382; Philips v. Webster, 85 Ill. 146; Clayes v. White, 83 Ill. 540; Garrity v. Betts, 20 Ill. App. 327; Summers v. Sheldon, 40 Ill. App. 189.

To hold that cumbrous or ponderous property should be actually manually delivered, as is required ordinarily, would practically preclude any sale of it which would be valid against attachment or judgment of creditors of a vendor. Kingsley v. White, 57 Vt. 565; Morrow v. Reed, 30 Wis. 81; Jewett v. Warren, 12 Mass. 300.

To presume, without inquiry, that ponderous, bulky or cumbrous personal property sold is not removed from the same place where it was before the sale, is an unwarranted and dangerous presumption, for the law does not require an actual manual delivery of such property. Morse v. Powers, 17 N. H. 286; Tuxworth v. Moore, 9 Pick. 347; Gibson v. Stevens, 8 How. 384.

L. M. BRADLEY, attorney for appellee.

The change of possession must be actual, not merely constructive. In the case of ponderous articles there need not

McCartney v. Kraper.

be an actual removal of the goods, and change of possession from hand to hand, but the vendee must in some notorious manner take control of the property.  Lowe v. Matson, 35 Ill. App. 602.

There must be such change of possession that will notify creditors and the public, that are observing the property, that there has been a sale and a change of possession to render a sale of personal property valid as to creditors and subsequent purchasers.  Thompson v. Wilhite, 81 Ill. 356; Ticknor v. McClelland, 84 Ill. 471; Allen v. Carr, 85 Ill. 388.

MR. PRESIDING JUSTICE WORTHINGTON delivered the opinion of the court.

The evidence shows that appellant, from the date of sale, was in the substantial, exclusive possession of the property. He testifies, and is not contradicted, in answer to this question, " Did you, after said purchase, take possession of these articles, and if you did, what did you do with them ? "

Answer:  " I did.  Had them insured in my name, and held them in possession until seized by the officer under defendant's execution.  I rented the building of Mrs. Friganzee, kept them stored in it, locked up, and held the key myself until my school might close, when other disposition might be made of them."  From the time of the sale, until the levy of the execution, a period of over four months, appellant had this exclusive possession.

Under the decisions in McCord v. Gilbert, 64 Ill. App. 233; Ware v. Hirsch, 19 Ill. App. 274; and Bass v. Pease, 79 Ill. App. 314, we think such possession was sufficient, under the sale as proved, to vest title in appellant as against plaintiff in execution.  We think also that the court erred in allowing certain questions to be asked as to what the Huckleberrys did at the time the store was broken open by the constable, and as to what they did when another and different execution was presented to them.  Anything they may have said or done in the absence of their vendee, after sale made to him, could not affect his title.

For the reasons above stated, the judgment is reversed and case remanded.