## Blakely Printing Co. v. James Pease, Sheriff, etc.

1.  REPLEVIN—*Measure of Proof by a Party Entitled to Possession.*— Where an action of replevin is brought by the party entitled to possession, for the recovery of property wrongfully taken, it is only necessary for him to prove his right to the possession of the property to entitle him to a recovery.

2.  SAME—*Proof Under a Plea of Property in a Stranger.*—In an action of replevin under a plea of property in a stranger to the action with the denial of the right of property in the plaintiff, the only issuable fact is the right of property in the plaintiff, and it is sufficient if the plaintiff has a special interest in the property entitling him to the present possession.

3.  FRAUDULENT SALES—*When to be Set Aside as to Subsequent Creditors.*—Subsequent creditors can not have a conveyance set aside as fraudulent unless it is merely colorable and a secret trust is shown to exist in favor of the vendor, or it is made with a view of defrauding future creditors.

4.  FRAUD—*Employment of Vendors After Sales Not Necessarily Fraudulent.*—The employment of a vendor by the purchaser of a book bindery, to superintend the business at a weekly salary, makes him a mere employe, and such employment is not evidence of fraud.

5.  EVIDENCE—*Foundation for the Introduction of Lost Instruments.* —Where there is evidence showing the execution of a written instrument and witnesses testify that search has been made for it in every place where it ought to have been found, and one witness who drew the instrument stated that he knew its contents, a proper foundation is laid for its introduction in evidence.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1900.    Reversed and remanded.    Opinion filed June 4, 1901.

FRY & HYDE, attorneys for appellant.

CRATTY, JARVIS & CLEVELAND, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action in replevin brought by appellant to recover possession of certain property seized by appellee as sheriff of Cook county under an execution. The execution issued upon a judgment by confession against one J. P. Cameron, and the property was levied upon under a claim that it belonged to said Cameron and not to appellant, in whose possession it was at the time of the levy, as it had been for the eighteen months preceding. The judgment was obtained November 25, 1896, and the indebtedness upon which it was based was evidenced by a number of judgment notes dated in July and August of that year. The judgment was entered in the name of one John P. Bull, but the real owner is one D. H. Tolman.

The material facts are as follows: Appellant is a corporation which, in May, 1895, was conducting its printing business occupying the third, fourth and fifth floors of a building known as 184–186 Monroe street, Chicago. Upon the fourth floor of an adjoining building, the firm of J. P. Cameron & Co., composed since 1886 of John P. Cameron and David Blakely, had been carrying on a bindery business. Blakely was also president of the appellant corporation. There were business relations between said firm and appellant, and a large fire door about four feet wide cut in the wall between the two buildings afforded communication between the two concerns. In May, 1895, the firm of Cameron & Company had become indebted to appellant, as the evidence tends to show, in the sum of about $7,000, and the 31st of that month the following document was executed and delivered: .

"MAY 29, 1895.

In consideration of the sum of $25,000 stock of the Blakely Printing Company, to me in hand paid, I hereby sell, transfer and make over to the Blakely Printing Company the plant of J. P. Cameron & Company, bookbinders and publishers, the same having been recently purchased

Blakely Printing Co. v. Pease.

by me, together with books, papers, bills payable and receivable, and all the appurtenances of said plant and business appertaining thereto.

In witness whereof I have hereunto set my hand and seal this 31st day of May, 1895.

D. BLAKELY."

There is evidence tending to show that David Blakely, having previously purchased the half interest of J. P. Cameron in that firm, had assumed all the indebtedness of Cameron & Company and that he turned over the property of the firm thus acquired by him to appellant, in payment of the said debt of $7,000 due appellant from said firm, and for the further consideration of the stock as above stated in the said bill of sale. All the outstanding indebtedness of the old firm was subsequently paid by appellant. There is evidence tending to show that thereafter the said Cameron was retained in appellant's employ as superintendent or manager of the bindery, and received a regular salary of $35 per week, which was paid by appellant in the same way as to other employes upon its regular pay roll.

Elaborate briefs have been filed upon both sides, containing more than 200 pages of argument and recital of facts. It is obvious that we can not undertake to review in detail all the evidence which is relied upon by appellee as justifying its levy November 26, 1896, upon the property, including machinery and fixtures of considerable value, which had thus been transferred to appellant in May, 1895, more than eighteen months before, and was seized for a debt of Cameron's not then created. Appellee's attorneys in their brief tell us that the "issue presented to and tried by the trial court was whether or not the property involved, at the time it was taken on the writ of replevin, was subject to be taken on the writ of execution in favor of Bull against John P. Cameron." As a general statement of the controversy this may be taken as sufficiently correct. The jury found the issues for appellee, and from the judgment thereupon rendered this appeal comes.

Appellee filed pleas of *non cepit*, *non detinet*, a plea averring property in the defendant concluding with a verifica-

tion, and a further plea justifying under the execution in the suit of Bull v. Cameron, with an averment that the goods in question were the property of John P. Cameron and not of appellant and were subject to execution, concluding with a verification. Appellant traversed the third and fourth pleas, averring that the property in the declaration mentioned was the property of the plaintiff. The issue, therefore, is the right of possession in appellant and it is not obliged to prove ownership as appellee claims. The statute provides that an action of replevin may be brought by the owner or person entitled to possession for the recovery of goods or chattels wrongfully taken (Chap. 119, Sec. 1). It was only necessary for appellant to prove its right to possession of the property replevied. Under the plea of property in Cameron, a stranger to the action, with the denial of the right of property in the plaintiff (appellant), the only issuable fact was the right of property in the plaintiff, and it is sufficient if the plaintiff has a special interest in the property entitling him to the present possession. Constantine v. Foster, 57 Ill. 36; Van Namee v. Bradley, 69 Ill. 299; Cummins v. Holmes, 109 Ill. 15; McFarland v. McClellan, 3 Ill. App. 295.

It is claimed by appellee that the evidence would have justified the trial court in directing a verdict in his favor. This contention is based upon the claim that there was not such taking of possession by appellant in May, 1895, or prior to the levy, as the law requires. The evidence tends to show that after the date of sale appellant paid the rent under the lease of Cameron & Company, and that May 1, 1896, when the old lease to Cameron & Company expired, appellant took a new lease of the premises in its own name; that the old insurance policies were turned over and that as they expired new policies were issued to appellant on the property in controversy; that appellant had paid the taxes for 1895 and 1896, and exercised exclusive ownership and possession from and after the said date of sale in May, 1895. This evidence is scarcely disputed, at least it is not successfully contradicted. It appears to be conceded by appellee

Blakely Printing Co. v. Pease.

that appellant paid for all material thereafter used in operating the bindery.    Cameron may have made purchases for the bindery thereafter, but it appears he was then in appellant's employ, and as such it was in the line of his duties to buy what might be needed.    It appears that a bill for work done after the sale to appellant was in one instance, at least, made out and receipted for on the old bill-heads of Cameron & Company.    But it was not brought to appellee's attention before the levy, and it is not claimed that the latter or any one else was in any way misled thereby. It is said that no general notice of the transfer to appellant was served on the employes of Cameron & Company who continued in their employment.    Yet it appears they or some of them knew of it, and no special reason is shown why a formal announcement should have been made. There is evidence in behalf of appellee that the old sign of "J. P. Cameron & Co." remained as before over the entrance to the building in which the bindery was situated, and that some of the old stationery of Cameron & Co. was still lying upon an office table after the levy of the execution in favor of Bull.    It is also shown that the card of Cameron & Co. appeared in the city directory for 1896 unchanged, and in the telephone directory.    In view of this and other evidence of like character it is claimed by appellee that there was no change of possession, and that if there was any sale it was fraudulent as to Bull and Tolman, the nominal and real judgment creditors of Cameron.

It must be borne in mind that this is not a case of a debt existing at the time of the sale, nor of a creditor who has been in the habit of dealing with an established firm, selling merchandise thereto, and continuing such dealings after change of ownership of which he had no notice.    All the indebtedness of the old firm of J. P. Cameron & Company existing at the time of the transfer, was promptly paid in full.    Appellee was not then a creditor.    The claim in his behalf is, that he was not notified of the transfer; that he had known Cameron for six or seven years doing business at 180 Monroe street, which premises Tolman had visited

two or three times a year prior to May, 1895, and he says there was no observable change or indication of change of ownership or possession after that date. He urges that this is evidence of fraud, and states that Cameron represented himself to said Tolman in May or June, 1895, and again in March, 1896, as still owning the business; that this was done in order to induce him, Tolman, to discount certain commercial paper. He says he never knew prior to the levy that Blakely or the appellant had any interest in the said bindery, or that appellant had paid the rent or insured the property or otherwise exercised ownership. It is not claimed that the indebtedness to Tolman for which the judgment notes were given was any of it incurred before December, 1895, more than six months after the sale of the Cameron plant to appellant, and the notes upon which judgment was entered were not given until July and August thereafter. It is clear, therefore, that the sale could not have been made with reference to Tolman, and can in no way be considered fraudulent as to him. He was not entitled to notice of the transfer. He was a stranger to the whole transaction without the slightest right to be consulted or informed with reference thereto. "The rule is that subsequent creditors can not have a conveyance set aside as fraudulent unless it is merely colorable and a secret trust exists in favor of the vendor, or it is made with a view of defrauding future creditors." Springer v. Bigford, 160 Ill. 495 (500), and cases there cited. There is no evidence justifying the conclusion that in this case there was or is any such trust or contemplated fraud.

It is insisted by appellee that he had a right to rely on the alleged representations of Cameron as vendor in possession, that the latter was still owner of the business, and that having been deceived thereby, he was entitled to seize property which had for a year and a half been in the possession of a third party innocent of any knowledge of its vendor's relations to Tolman. This claim can not be sustained. Cameron was a mere employe. Appellant owed no duty to Tolman, and it does not appear that its employ-

ment of Cameron, while it might perhaps have aided the latter in deceiving Tolman, if he did so deceive him, was not open and above board—legitimate in every respect. Upon his own showing appellee was not defrauded or misled by the sale. If misled at all, it was by Cameron in person long after the sale. Supposing that he was induced by the existence of the old signs and the alleged want of change of methods of doing business, to believe that Cameron was still proprietor, nevertheless a reasonable degree of care would have led him to investigate still further, to inquire about possible incumbrances, mortgages, indebtedness and assets, if he relied upon such proprietorship and not on Cameron's good faith. He made no such inquiry, apparently. By what right can appellant be held responsible for Tolman's negligence or credulity ?

The evidence does not sustain appellee's claim that Cameron continued in possession of the property in controversy after the sale. He was manager and superintendent of the business, but not in possession of the plant, and under the circumstances this employment was no evidence of fraud. McCord v. Gilbert, 64 Ill. App. 233; Brown v. Riley, 22 Ill. 45; Reed v. Wilson, 22 Ill. 377. Appellant was not required to place its own name upon signs on the premises. Bass v. Pease, 79 Ill. App. 308 (315), and cases cited. There is no evidence of any effort or intention to conceal the transfer, and there is no reason to suppose that the slightest inquiry of employes on the premises would not have disclosed to appellee, or any one else, the exact situation. As was said in Ware v. Hirsch, 19 Ill. App. 274 (276), " It may be that a casual observer would not be aware of any change in the situation, but it is not easy to see what else there was to do except to put up a sign or perhaps advertise in some way," and these acts were not essential; " nor was it necessary that the goods should have been removed to another building." Cameron not having been shown to be in possession, his declarations of ownership, if made, were not competent evidence of the alleged fact.

Appellant sought to prove the contents of a lost instru-

ment, being the alleged transfer of Cameron's interest in the firm of J. P. Cameron & Co. to his partner Blakely. There was evidence of the execution of such written instrument, and several witnesses testified that search had been made for it in every place where it ought to have been found. A witness who drew up the paper stated that he knew its contents. The court refused to admit the testimony. We are of opinion that a sufficient foundation for such proof was laid, and that it should have been admitted.

We do not deem it necessary to fellow counsel in further and more extended consideration of the controversy. For reasons indicated we regard the judgment as erroneous and it must therefore be reversed and the cause remanded.